In re RICE.

(District Court, E. D. Pennsylvania. October 16, 1908.)

No. 2,918.

1. BANKRUPTCY (§ 400*)—EXEMPTIONS—EXCEPTION BY TRUSTEE TO ALLOWANCE —"CREDITORS."

General order in bankruptcy No. 17, authorizing "creditors" to except to the allowance of the bankrupt's exemption, does not exclude the trustee, who may except on behalf of all of the creditors to such allowance on the ground of the bankrupt's fraud.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 400.*

For other definitions, see Words and Phrases, vol. 2, pp. 1713–1726; vol. 8, pp. 7622–7623.]

2. BANKRUPTCY (§ 399*)—RIGHT TO EXEMPTION—FRAUDULENT CONCEALMENT OF PROPERTY.

Where a bankrupt, who was a retail merchant, is shown to have had and disposed of, or concealed, some $50,000 worth of merchandise within a year prior to his bankruptcy, but a small part of which is in any way accounted for, he is not entitled to his exemption of $300 under the Pennsylvania statute, which denies the right of exemption to a debtor who conceals his property with intent to defraud his creditors.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 399.*]

In Bankruptcy. On certificate of referee concerning bankrupt's claim for exemption.

The following is the report of Referee Theodore M. Etting, referred to in the opinion:

"The trustee, after setting apart the bankrupt's exemption as claimed, filed a petition excepting to its allowance, on the ground that the bankrupt had sold and disposed of his goods, merchandise, and property with intent to defraud his creditors. Within 20 days thereafter the bankrupt filed an answer to the above petition, denying that he had sold and disposed of his goods, merchan-

dise, and property, and upon the issue thus raised extended testimony was taken. Upon argument I was asked by counsel for the bankrupt to dismiss the exceptions filed by the trustee on the ground that the trustee is not a creditor and had no right under the general orders or under the act to file exceptions to his own report.

"The word 'creditor,' as defined by the act, 'shall include any one who owns a demand or claim provable in bankruptcy and may include his authorized agent, attorney or proxy.' No adjudicated case serves as a precedent for my guidance.

"Mr. Remington, the most recent text-writer on Bankruptcy Practice, seems, however, to consider that there is no ground to suppose that the meaning of general order No. 17 excludes the trustee. Remington on Bankruptcy, p. 614.

"It is also to be noted that the bankrupt joined issue upon the pleadings as filed. His objection, therefore, is not timely. I therefore refuse to dismiss the exceptions on the ground that they were filed by the trustee, and not by a creditor.

"I find the facts to be as follows:

"An adjudication in bankruptcy was entered against the above-named Joseph Rice on the 20th day of November, 1907, upon petition filed against him on the 16th day of October, 1907. From his own evidence it appears that on December 18, 1906, he made a statement showing that he had assets in excess of liabilities amounting to $23,700. He further testified to the purchase of merchandise to the extent of $30,000 within less than six months preceding his bankruptcy. On October 4, 1907, it appears from his testimony that the value of his merchandise then on hand did not exceed $2,500, and it appears that at the time of his adjudication its value was in the neighborhood of $1,000. It is therefore apparent that since December, 1906, assets in excess of $50,000 have disappeared. His schedules show that he still owes merchandise creditors about $36,000, and it therefore is evident that but an inconsiderable part of the sum realized from the sale of merchandise could have been paid to his merchandise creditors. The bankrupt says he paid his help, and also that he had a drayman who robbed him; but it does not appear from his testimony that any considerable part of the $50,000 above referred to can be reasonably accounted for in this way. The amount of goods which he attempts to account for as stolen varies from $2,000 to $25,000. It is incredible to suppose that the latter figures are correct. It also appears from his testimony that between December 18, 1906, and October, 1907, he lost about 10 per cent. on sales; but, if the utmost credence be given to this statement, it would only account for about $6,000.

"It also appears that the bankrupt made assignments of his book accounts— some to a relative; others to friends. For these assignments he says he obtained about $4,000; but he cannot account for a single penny, nor can he state the amount of any check received for such assignments, or when or where the money received was deposited. With reference to his own affairs the bankrupt displays an ignorance which it is difficult to suppose was not assumed. Again and again, when called on for information with respect to matters of which he cannot reasonably be supposed to be ignorant, his reply was, 'I don't remember.'

"Giving to the bankrupt the fullest benefit which could fairly be claimed because of imperfect knowledge of English or bad memory, no one, I think, could have heard his testimony without being impressed with the belief that it was incredible, and that in replying, as he did, that he could not remember, that he was in point of fact committing perjury.

"The only conclusion which I am able to draw from his testimony is that he managed to make away with the goods or their proceeds. The case in many respects is on all fours with that in Re Leverton, recently decided in the Middle District (19 Am. Bankr. Rep. 426, 155 Fed. 925), and I can only repeat in conclusion, as was there said, 'that the exemption given by the law was never intended for any such character of debtor.'

"The exemption asked for is therefore denied."

Furth & Singer, for bankrupt.

Clinton O. Mayer and Irwin L. Sessler, for trustee.

J. B. McPHERSON, District Judge. I agree with the learned referee, whose report appears herewith, in his ruling that the trustee may except to the allowance of the statutory exemption on the ground of the bankrupt's fraud. The trustee's duty to "set apart the bankrupt's exemption and report the items and estimated value thereof to the court," etc. (section 47, cl. 11), does not deprive him of the right, or, indeed, relieve him of the obligation, to decide on behalf of the creditors, whose representative he is, whether the bankrupt is entitled to the exemption at all, or has forfeited it by improper conduct. On principle, I see no reason why he may not come to this decision preliminarily, and refuse altogether to set apart the exemption; but as a matter of practice it is no doubt better that the trustee should first perform the purely ministerial function of separating and appraising the property, in accordance with general order 17, so that the specific articles may be designated; and then, if in his opinion he is justified in so doing, that he should make known formally the grounds on which he denies entirely the bankrupt's right to the benefit of the statutory privilege. The provision in the general order, that "any creditor may take exceptions to the determination of the trustee," etc., does not expressly, nor I think by fair implication, exclude the trustee. Certainly any creditor, acting by an agent, could take exception to the determination of the trustee, and the trustee himself, as the representative of the whole body of creditors, and therefore the most suitable person to act in their behalf, is in my opinion clearly within the sprit of the general order. Indeed, as the referee has supposed, he may even be fairly within the statutory definition of the word "creditor," and may thus be expressly authorized to except.

Upon the facts nothing need be added to the report of the referee. I have made a prolonged examination of the testimony, and fully agree with his findings.

The order refusing the bankrupt's exemption is affirmed.