In re KRECUN.

KRECUN v. MEYER et al.

(Circuit Court of Appeals, Seventh Circuit. January 4, 1916.)

No. 2279.

BANKRUPTCY ☞400—EXEMPTIONS—OBJECTIONS—TIME FOR FILING.

Bankr. Act July 1, 1898, c. 541, § 47, 30 Stat. 557 (Comp. St. 1913, § 9631), requires the trustee to set apart the bankrupt's exemptions and report the items and estimated value thereof to the court as soon as practicable after his appointment. General Orders in Bankruptcy No. XVII (89 Fed. viii, 32 C. C. A. xix) provides that the trustee shall make a report to the court within 20 days of the articles set off to the bankrupt and that any creditor may take exceptions to the determination of the trustee within 20 days after the filing of the report. Held, that the rule is mandatory, and the District Court had no discretion and could not permit the filing of objections 21 days after the filing of the report.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 670–675; Dec. Dig. ☞400.]

Petition to Review and Revise an Order of the District Court of the United States for the Eastern Division of the Northern District of Illinois; Kenesaw M. Landis, Judge.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In the matter of Abe Krecun, bankrupt. The District Court overruled an order of the referee refusing to permit the filing of objections by Louis Meyer and another, copartners doing business as Louis Meyer & Son, to the trustee's report on the claim for exemptions, and the bankrupt files a petition to review and revise. Reversed and remanded, with directions.

B. M. Shaffner and Harry H. Krinsky, both of Chicago, Ill., for petitioner.

Harry J. Myers, of Chicago, Ill., for respondents.

Before BAKER, KOHLSAAT, and ALSCHULER, Circuit Judges.

ALSCHULER, Circuit Judge. From the petition herein and the answer thereto it appears that the petitioner, a bankrupt, duly made claim for his exemptions allowed by the statutes of Illinois; that the trustee's report on the bankrupt's claim for exemptions was filed with the referee on December 22, 1914; and that 21 days thereafter, on January 12, 1915, respondents (who are creditors of the bankrupt) presented to the referee for filing, their exceptions to the report. The referee held that the exceptions were presented too late, and denied leave to file them. On petition to the District Court this finding of the referee was overruled, and this proceeding challenges the correctness of the ruling of the District Court.

Respondents' answer states that on the twentieth day after the trustee's report was filed the matter was turned over for attention to a law clerk of respondents' attorney, who only that day began service in the law office, and who, the answer states, did not understand the importance of filing the exceptions on that day; and that this clerk, when he learned late in the afternoon of the twentieth day that it was the last day for filing the exceptions, went with them to the office of the referee after half past 5—how long after is not stated—but found that office locked; that the next morning the exceptions were brought to the referee, who afterwards denied leave to file them. In the affidavit of the same law clerk, which appears in the transcript of the record which was without objection filed herein, no mention whatever is made of any attempt by him to present the exceptions on the twentieth day, but only on the following morning.

If the District Court had discretion to permit the presenting of such exceptions after 20 days from the filing of the trustee's report, it might be important to review the circumstances under which the court permitted the exceptions to be thereafter filed, as bearing on the question of the reasonableness of the exercise of such discretion. But was there, under the law, such discretion in the Court? The forty-seventh section of the Bankruptcy Law provides that trustees shall "set apart the bankrupt's exemptions and report the items and estimated value thereof to the court as soon as practicable after their appointment." Paragraph XVII of the General Orders in Bankruptcy (89 Fed. viii, 32 C. C. A. xix) is as follows:

"* * * The trustee shall make report to the court within twenty days after receiving the notice of his appointment, of the articles set off to the bankrupt by him, according to the provisions of the forty-seventh section of

the act, with the estimated value of each article, and any creditor may take exceptions.to the determination of the trustee within twenty days after the filing of the report. The referee may require the exceptions to be argued before him, and shall certify them to the court for final determination at the request of either party. *   *   *"

If the time within which such exceptions may be filed rests within the discretion of the court, the question of exemptions might be extended indefinitely, with resultant embarrassment in the settlement of the estate, and withholding from the debtor of the immediate benefit of the exempted property, which, out of a humane policy, is generally accorded to him by statute in order that he may not wholly be deprived of means of present sustenance for himself and family.

The Bankruptcy Law saves to the debtor such exemptions as the law of the state gives him, and General Order XVII points out the manner in which, in case of bankruptcy, the exemptions to the bankrupt shall be set apart. In prescribing a method by which exception may be taken to the exemptions as set apart, it fixes a period of 20 days after the trustee makes report of the exemptions within which to take exception thereto.

When the 20 days have thus passed, and exceptions have not been taken, the trustee is warranted in presuming that none will be taken, and may then with safety pay over or turn over to the debtor the money or property thus reported as exempted to him. In Remington on Bankruptcy, vol. 1, § 1082, in commenting on Order XVII as it bears on the time of filing the exceptions, it is stated:

"The creditors in doing so must file their exceptions within 20 days, so that the trustee may have it set at rest whether the beneficiaries of his trust —the creditors—will find fault with him in that particular."

In the General Orders in Bankruptcy are found some instances where a time definitely fixed may be extended by an order of the referee or court. In Order XXI, par. 3, on the subject of notice of assignment of claims, it is provided:

"If no objection be entered within ten days, or within further time allowed by the referee," etc.

In Order XXXII (89 Fed. xiii, 32 C. C. A. xxxi) on the subject of discharge or composition, it is provided:

The creditor "shall file a specification in writing of the grounds of his opposition within ten days thereafter, unless the time shall be enlarged by special order of the judge."

Thus making provision in some instances for extension of time beyond that specifically fixed in the order, but leaving unqualified in rule XVII the time fixed within which creditors may take exception to the trustee's report, would tend strongly to indicate an intention on the part of the court which promulgated the General Orders that, under rule XVII, if the creditor desires to except to the report, he must do so within the 20 days so fixed.

In commenting upon that part of General Order XXXVI (89 Fed. xiv, 32 C. C. A. xxxvi), which fixes thirty days as the time within which appeals to the Supreme Court may be taken, that court said:

"The limitation has the same effect as if written in the statute, and the allowance of an appeal on certificate cannot operate as an adjudication that it is taken in time. The present appeal was allowed four months 'after the judgment or decree' appealed from and three months after the time to appeal had expired."

The appeal was dismissed. Conboy v. First National Bank of Jersey City, 203 U. S. 141, 27 Sup. Ct. 50, 51 L. Ed. 128.

We perceive no reason why this language is not likewise applicable to the time limit as fixed in Order XVII. We are of opinion that Order XVII is mandatory in this respect, and that the District Court had no discretion to extend the time for presenting exceptions to the trustee's report.

The order of the District Court is therefore reversed, and the cause is remanded, with direction to the District Court to enter an order denying appellee's motion for leave to file exceptions to the trustee's report of exemptions to the bankrupt.