**In re POWER.**

**PUEBLO SAVINGS & TRUST CO. v. POWER.**

**RICKLES v. SAME.**

Nos. 7179, 7180.

Circuit Court of Appeals, Seventh Circuit.

July 2, 1940.

Alva B. Adams, Senate, Wash., D. C., and W. H. Thompson and Patrick J. Smith, both of Indianapolis, Ind., for appellants.

Maurice E. Tennant and Paul N. Rowe, both of Indianapolis, Ind. (Baker, Daniels, Wallace & Seagle, of Indianapolis, Ind., of counsel), for appellee.

Before EVANS and MAJOR, Circuit Judges, and WILKERSON, District Judge.

These appeals are from orders denying petitions by which the trustee in bankruptcy sought to recover, as an asset of the estate, the interest of the bankrupt in an annuity contract purchased by him in 1925 from the Ætna Life Insurance Company.

The annuity contract recites:

1. That it is issued in consideration of the payment of a single payment of $19,954.

2. The insurance company agrees to pay $100 a month for 204 months. It also agrees that if either Power or his wife shall be living on April 28, 1942, it will continue the monthly payments during the lifetime of both or either of the annuitants, such payments to terminate with the last payment preceding the death of the survivor. At the death of the survivor of the annuitants, after the payments certain have been made, the contract shall become null and void and the premium shall remain the property of the company.

3. Each annuity payment under the contract shall be payable as it becomes due to Power, if then living; otherwise to his wife, if living, and if neither be then living to the son of the annuitants, if then living, or if said son is not then living to the executors or administrators of the last survivor of said annuitants and said son.

4. Neither of the annuitants nor the beneficiary under the contract shall have the right to transfer or assign, or to anticipate his or her right to the annuity payments thereunder.

In the bankrupt's schedules the annuity is listed under the heading: "Property

in money, stocks, shares, bonds, annuities, etc.", as follows: "Annuity with Ætna Life Insurance Company. Taken out in 1925. No cash or surrender value. Pays $100. per month to Clifton Norwood Power for life and same amount upon his death to his wife for her life. Non-revocable. Claimed as exempt. Supposed value of bankrupt's interest 0."

At the first meeting of creditors the bankrupt was examined with reference to the annuity and testified that it had no cash value. The attorney for the appellee, Pueblo Savings and Trust Company, was present at the examination, requested the referee to examine the annuity contract, and stated that he "frankly believed that it had no cash value". The attorney further stated that his client believed the annuity had a cash value and he wished the court to pass on that question.

By an order made October 11, 1938, the referee in bankruptcy appointed the trustee and found that the bankrupt was entitled to the exemptions provided by the statutes of Indiana for a householder, the same being section 2-3501, Burns' Indiana Statutes, Annotated, of 1933, as amended by Acts Ind.1937, c. 296, § 1. The referee further found that the annuity contract had no cash or surrender value, was not assignable or transferable by the bankrupt and could not be levied upon to pay his debts, and that it did not pass to the trustee in bankruptcy. The trustee was directed in the order to "file his report setting apart the bankrupt's exemptions allowed by law, as claimed, and report the items and estimated value thereof to the court".

Thereafter the trustee filed his report of exempted property. In the schedule of property designated and set apart to be retained by the bankrupt as his own property under the provisions of the bankruptcy act the trustee lists: "Annuity with Ætna Life Insurance Company. Taken out in 1925. No cash or surrender value. Pays $100. per month to Clifton Norwood Power for life and the same amount upon his death to his wife for her life. Non-revocable." The report continues: "To which exemption bankrupt is entitled as provided by the statutes of Indiana, same being section 2-3501, Burns' Indiana Statutes, Annotated, of 1933; that the annuity contract * * * issued by the Ætna Life Insurance Company * * * and the insurance policy * * * issued by

the Mutual Life Insurance company * * * are exempt by virtue of the provisions of chapter 143 of the Acts of the General Assembly of 1925, being section 39-703, Burns' Indiana Statutes, Annotated, of 1933".

On November 1, 1938, the referee made an order approving the trustee's report on exemptions and directing that the property set forth in the report be set off to the bankrupt.

After the bankrupt was discharged and before the trustee had filed his final report, the trustee entered motions to withdraw his report of exempt property, to modify the findings of the referee as to the annuity and to recover as an asset of the estate the interest of the bankrupt in the annuity. The trustee states in his motion that the inclusion of the annuity contract in his report of exemptions was in obedience to the directions of the referee; that, upon further examination of the subject he was of the opinion that the bankrupt had a valuable interest in the contract, and that it was not exempt under the laws of Indiana. The bankrupt resisted the trustee's motion, claiming that as neither a creditor nor the trustee excepted to the determination of exemptions by the trustee within 20 days, as provided in General Order No. XVII, 11 U.S.C.A. following section 53, the determination and the order of the referee approving it were an adjudication of the rights of the bankrupt in the annuity which precluded a reexamination of the question by the bankruptcy court in the performance of its duty to collect and administer all of the assets of the estate. The referee and the district judge sustained the bankrupt's objection and denied the petition of the trustee.

The bankrupt further asserts here that, if the plea of res adjudicata is overruled, the annuity is, in fact, exempt under section 2-3501 of Burns' Indiana Statutes of 1933, and that a reopening of the question would only result in sustaining the bankrupt's claim of exemption.

WILKERSON, District Judge.

It is undoubtedly settled law that a judgment of a court of competent jurisdiction upon a question directly involved in one suit is conclusive upon that question in another suit between the same parties. But to this operation of the judgment it must appear, either upon the face of the record or be shown by extrinsic evidence,

that the precise question was raised and determined in the former suit. If there is any uncertainty in the former ruling as to what the court really decided, the whole subject matter of the action will be at large and open to a new contention. De Sollar v. Hanscome, 158 U.S. 216, 221, 15 S.Ct. 816, 39 L.Ed. 956; Russell v. Place, 94 U.S. 606, 24 L.Ed. 214; 15 Ruling Case Law, page 980.

 This rule applies with particular force where a former adjudication is invoked as a bar to a proceeding by an officer of the court to recover assets of an estate which it is the court's duty to administer. A trustee in bankruptcy stands in a different relation to the court from that of a mere creditor. He is an officer of the court, as well as the owner of an interest. It is his duty to collect the assets and he is responsible for failure to do so. He may be charged with the value of assets which never came into his possession, if he fails in his duty to get them into his possession. To bar the court's officer in his quest for assets there must have been a definite adjudication that the property sought to be recovered by the trustee was not a part of the bankrupt's estate and was not subject to administration by the court. Likewise, if an adjudication is claimed with reference to the bankrupt's exemptions there must have been a definite ruling that the property claimed to be exempt was property of the bankrupt and was set aside to him in the administration of the estate in bankruptcy. Obviously, the trustee in bankruptcy cannot set aside, as exemption to the bankrupt, property which did not pass to him as a part of the estate in bankruptcy. 11 U.S.C.A. §§ 11, 24, 25 sub. a(8), 75 sub. a.

 The record here shows conclusively that there has never been a definite adjudication of the rights of the parties in this annuity contract. The referee in the order of October 11, 1938, found that the annuity did not pass to the estate in bankruptcy. The trustee in his report of exemptions stated, first, that the annuity was exempt under section 2-3501 of Burns' Indiana Statutes of 1933. That statute exempts from levy or sale on execution or other final process certain property of a resident householder of the state of Indiana. This statement of the trustee in his report was equivalent to a finding that the annuity was a part of the estate of the bankrupt, and that it was the duty of the trustee to set it aside as exempt property under the Indiana statute. The trustee then stated that the annuity was exempt under section 39-703, Burns' Indiana Statutes. That section provides that policies of life insurance taken out for the benefit or assigned to any persons, wife or children, or any relative dependent upon such persons, or any creditor, shall be held for the benefit of such beneficiaries free and clear from all claims of the creditors of such insured person. The trustee in this second statement treated the annuity as an insurance policy, and in that view it never became a part of the bankruptcy estate.

The ambiguity in the trustee's report was not removed by the referee's order approving the report. The report was approved without any definite finding as to whether the annuity was or was not a part of the bankrupt's estate.

In view of the uncertainty in the order relied upon as a former adjudication, the trustee in the performance of his duty to collect assets had a right to the definite ruling of the bankruptcy court with reference to the annuity contract, and the court should have granted him a hearing.

 Reliance is placed by appellee on In re Krecun, 7 Cir., 229 F. 711, In re Rice, D. C., 164 F. 589, and kindred cases. In view of the uncertainty and ambiguity in the orders here relied upon as constituting an adjudication, those cases are not applicable. A refusal on this record to permit the trustee to obtain a definite ruling with reference to this annuity would be to overlook the essential character of the bankruptcy court as a court of equity. Pepper v. Litton, 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281; Local Loan Co. v. Hunt, 292 U.S. 234, 240, 54 S.Ct. 695, 78 L.Ed. 1230, 93 A.L.R. 195.

 The interest of the bankrupt in the annuity contract is a valuable one. Under it he receives $100 a month for life. It is not a life insurance policy and does not come within the provisions of the second proviso of section 70, sub. a(5), of the Bankruptcy Act, 11 U.S.C.A. § 110, sub. a(5). It was purchased and paid for in full by the bankrupt, and by section 39-704, Burns' Indiana Statutes of 1933 it is excepted from the class of insurance and annuity contracts which are not subject to process against a beneficiary for the payment of his debts. The interest of the bankrupt under the contract

passed to the trustee to be administered as a part of the estate.

 The annuity contract is not exempt property under the provisions of section 2-3501, Burns' Indiana Statutes of 1933 as amended by Acts 1937, c. 296, § 1. That section gives exemptions as follows:

"(a) Real estate, or estates or rights therein or thereto of the value of not more than seven hundred dollars [$700].

"(b) Tangible personal property to the value of six hundred dollars [$600].

"(c) Intangible personal property, including choses in action, profits, debts owing, and income owing, to the value of fifteen dollars [$15.00].

"(d) Income or profits of whatever nature of not more than fifteen dollars [$15.00] per week. If such income and profits shall exceed the sum of fifteen dollars [$15.00] per week, then ninety [90] per centum of such income and profits in excess of said sum of fifteen dollars [$15.00] per week shall be exempt and ten [10] per centum thereof shall be subject to execution, provided, however, that none of the foregoing provisions of this act shall apply to any judgment obtained prior to July 1, 1937.

"In no event shall the total of all exempted property exclusive of income or profits under the provisions of this act exceed in value the sum of one thousand dollars [$1,000]."

The payment of $100 a month is not income or profit within the meaning of paragraph (d) of the above section. It is a payment under a contract where for a gross sum paid the company became liable to pay certain sums annually during the life of the annuitant. The right to receive the payment was purchased and paid for prior to the adjudication in bankruptcy. The payments are essentially repayments in instalments of the sum with which the annuity was purchased. See Legg v. St. John, 296 U.S. 489, 297 U.S. 695, 56 S.Ct. 336, 80 L.Ed. 345; Moskowitz v. Davis, 6 Cir., 68 F.2d 818.

Construing paragraph (d) most liberally in favor of the appellee, the exemption would be limited to payments subject to execution, that is to payments due when the petition was filed. Its language cannot be construed to exempt payments due after the filing of the bankruptcy petition and continuing during the life of the annuitant. Such a construction transforms the exemption statute into a device by which the bankrupt may cover up his assets and retain a competence for life while his creditors get nothing.

The orders appealed from are reversed with directions to the bankruptcy court to proceed in accordance with the views stated in this opinion.