## In re TOGNETTI.

No. 35749–S.

District Court, N. D. California, S. D.

Oct. 17, 1944.

Wayne R. Millington and John F. O'Sullivan, all of San Francisco, Cal., for Petitioner.

Joseph F. O'Malley, of San Francisco, Cal., for Trustee.

ST. SURE, District Judge.

The above-named bankrupt petitions the Court for a review of the referee's order allowing and approving the trustee's report of exempt property.

In her bankruptcy schedule petitioner claimed as exempt certain real property in the County of San Mateo on the ground that the property was covered by a homestead. In the trustee's report he stated his refusal to set apart the real property claimed exempt "on the ground that the said real property is not covered by a valid declaration of homestead." The bankrupt did not except to the report of the trustee pursuant to General Order No. 17, 11 U.S.C.A. following section 53, and the trustee claims that she is therefore barred from seeking a review by this Court.

Petitioner is not now excepting to the report of the trustee but is objecting to the order of the referee allowing and approving the report. Section 67, sub. c, of 11 U.S.C.A., permitting petitions for review to "a person aggrieved" is broad in its terms and apparently extends to all final orders made by the referee. General Order No. 17 relates to exceptions to the trustee's report to be filed with the referee. While petitioner failed to except to the trustee's report, her objection thereto might be implied from the fact that she claimed the exemption and made no specific waiver thereof. She was not "a person aggrieved" within the terms of Section 67, sub. c, until the referee by order approved the report. No cases are cited by the trustee or referee indicating that the bankrupt has forfeited her right to a review. The cases cited go only to the proposition that she may no longer except to the trustee's report before the referee. Petitioner suggests the analogy between the present petition for review and an appeal from a judgment by default, and cites Hallock v. Jaudin, 34 Cal. 167, 172, wherein the court said: "As to the right of appeal, there is no distinction between judgments by default and judgments after issue joined and a trial. The former is as much a final judgment as the latter, and the statute gives a right to appeal from all final judgments without distinction." In Re Cury, D.C., 34 F.Supp. 526, the court said that principles of law generally applicable to questions of appeal should apply to petitions for review. In Forsher v. Graham, 6 Cir., 32 F.2d 654, 655, the court said: "The right of review * * * extends to every final order of the referee and may be asserted by any one having a direct substantial interest or by the court, sua sponte."

11 U.S.C.A. § 11 specifically authorizes this court to "determine all claims of bankrupts to their exemptions." I feel constrained, under the provisions of §§ 11 and 67, sub. c, to entertain the petition on its merits.

Without argument, the trustee in his brief makes the following statement, apparently constituting an objection on his part to the existence of a homestead on the property claimed exempt: "It will be noted that the above description of the real property as claimed exempt by the Bankrupt consists of only one lot, while the purported Declaration of Homestead * * * de-

clares a homestead on four (4) lots, of which Lot 3 is one."

 If this should be an objection, I can find no basis for it. The facts show that Lot 3 is the only lot in which petitioner has an interest. A homestead may be created on land consisting in part of separate and in part of common property. In re Bailard's Estate, 178 Cal. 293, 173 P. 170; Swan v. Walden, 156 Cal. 195, 103 P. 931, 134 Am.St.Rep. 118, 20 Ann.Cas. 194; Arendt v. Mace, 76 Cal. 315, 18 P. 376, 9 Am.St.Rep. 207. The only portion of the property described in the Declaration of Homestead which can possibly be subject to the jurisdiction of the Bankruptcy Court is that held in joint tenancy by petitioner and her husband, and were she to describe in her schedule and claim as exempt her husband's separate property as well as her own, it would lead only to confusion.

At the time petitioner was married her husband owned a house and three lots in San Mateo County. After their marriage petitioner and her husband purchased a fourth lot, which they hold in joint tenancy. That lot is designated as Lot 3, and adjoins the other three lots. Each lot is 25 by 100 feet. Before the petition in bankruptcy was filed petitioner and her husband made and recorded a joint declaration of homestead on the four lots, setting forth their respective property rights therein. No objection is made by the trustee to the form of the declaration, and it appears to conform in all respects to the California homestead law.

It developed at the hearing that the home of the petitioner and her husband is located on Lot 6, and that Lot 3 (the lot here in question) is used as a vegetable garden, supplying vegetables for the household. Lots 4 and 5, the separate property of the husband, are also used for this purpose. Although he cites no authority and does not argue the point, it is apparently the contention of the trustee, as stated at the hearing, "that there is not a proper homestead of that property if it is only used for the purpose of planting some vegetables."

The California law does not sustain the trustee's position. The dimensions of the property are small, and the whole of it is used for the benefit of the homestead. In Gregg v. Bostwick, 33 Cal. 220, 228, 91 Am. Dec. 637, the court said: "Whatever is used—being either necessary or convenient —as a place of residence for the family as contradistinguished from the place of business, constitutes the homestead, subject to the statutory limit as to value." A lot used "for a chicken yard and garden" was held subject to a homestead in Davis v. Lockwood, 110 Cal.App. 114, 293 P. 631; "for vegetables, potatoes, and fruit," Arendt v. Mace, 76 Cal. 315, 18 P. 376, 9 Am.St.Rep. 207; for "drying clothes, and as a means of access to the street," Englebrecht v. Shade, 47 Cal. 627.

■ In view of these decisions and the well-established rule of liberal construction of the homestead law (13 Cal.Jur. § 10, p. 426), I conclude that petitioner has established a valid homestead which should be set aside by the referee as exempt property.

The order of the referee allowing and approving the trustee's report of exempt property will be overruled, and the record in the matter returned to the referee for further proceedings.