**In the Matter of Robert Miles KNOX, Appellant,**

**v.**

**Kal W. LINES, Trustee, Appellee.**

**No. 25714.**

United States Court of Appeals, Ninth Circuit.

June 28, 1972.

Michael F. Silberstein (argued), of Hippard, Dahlman & Silberstein, San Rafael, Cal., David R. Packard, of Legal Aid Society of San Mateo County, Redwood City, Cal., for appellant.

Burton I. Meyer (argued), of Glicksberg, Kushner & Goldberg, San Francisco, Cal., for appellee.

\* Honorable William J. Jameson, United States District Judge, Billings, Montana, sitting by designation.

1. It provides:
   "The trustee shall make report to the court . . . of the articles set off

Before MERRILL and ELY, Circuit Judges, and JAMESON, District Judge.\*

ELY, Circuit Judge:

In May, 1969, Knox filed a voluntary petition in Bankruptcy. The District Court adjudged Knox bankrupt and appointed Lines as trustee. As the trustee, Lines was required, by Bankruptcy Gen. Order 17,[1] to prepare a complete inventory of Knox's property and to report to the court which assets were exempt and thus set off to the bankrupt. In making this report, on June 23, 1969, Lines disallowed Knox's claim for a homestead exemption on certain property.

Under General Order 17, Knox had "ten days after the filing of the report, unless further time [was] granted by the court", to object to Lines' report. The ten-day period expired on July 3d, but no objection was filed until the next court day, July 7th. At that time, Knox challenged the denial of the claimed homestead exemption.

On September 8, 1969, a hearing before the bankruptcy referee was held to consider Knox's objection. During the hearing, Lines moved to dismiss the objection. He argued that his report became final on July 3d and that the objection, since it was not timely filed, should not be considered. The referee granted the motion to dismiss, the District Court affirmed the dismissal, and this appeal followed.

Knox contends that the referee and the District Court should have considered his objection to the denial of the homestead exemption claim. He argues that they not only have jurisdiction to consider objections filed after the ten-day period, but also that, in the exercise of their discretion, they must look to Rule 60(b) Fed.R.Civ.Proc. when deciding

to the bankrupt or debtor by him . . ; and any creditor or the bankrupt or debtor may file objections to the determination of the trustee within ten days after the filing of the report, unless further time is granted by the court."

whether to accept an untimely objection. We agree and therefore reverse.

A bankruptcy court is a court of equity. *See, e.g.,* Pepper v. Litton, 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281, (1939); 1 Collier on Bankruptcy § 2.09. Its equitable powers are, however, limited. They may be exercised only within the limits established by the Bankruptcy Act and the General Orders promulgated by the Supreme Court. *See* Collier, *supra.* Therefore, before we can consider whether it would have been equitable to consider Knox's objection, we must determine if General Order 17 foreclosed any power to review it.

Because the language of General Order 17 is ambiguous, there is no absolutely clear answer. A court clearly has discretion to grant "further time" for the filing of an objection, but it is not certain that it may do so if one who objects does so only after the expiration of a prescribed period. If it may, then the referee and the District Court erred, for Knox was then entitled to a decision by them as to whether equity would be served by the receiving and consideration of his objection.

When the referee considered this question, he concluded that Knox was not entitled to any relief because both he and the District Court judge[2] were "without jurisdiction" to consider objections filed after the ten-day period specified in the General Order. The District Court expressly disagreed with the decision in In re Tognetti, 57 F.Supp. 286 (N.D.Cal.1944), and affirming the referee's Order, relied upon Matter of Malley, No. 105701 (N.D.Cal., Nov. 20, 1968).[3] We do not find that either the

---

2. In many areas, including this one, the District Court judge and the referee have similar powers. *See* 11 U.S.C. § 66(6); 2 Collier on Bankruptcy ¶¶ 22.05, 38.09.

3. In pertinent part, the *Malley* decision reads:

   "On December 20, 1967, the trustee filed his report of exempt property . . . On January 11, 1968, the trustee filed an amended report of exempt property . . . . On January 18, 1968, the bankrupt filed objections to the trustee's determination . . . . On February 28, 1968, the Referee issued an order in which he held that the bankrupt's objections were not filed within the time provided in General Order 17 of the Bankruptcy Act, and that, therefore, he did not have jurisdiction to determine their merits.

   "General Order 17 of the Bankruptcy Act provides in pertinent part as follows:

   '* * * the bankrupt or debtor may file objections to the determination of the trustee within ten days after the filing of the report (of exempt property), unless further time is granted by the court.'

   "In the present case, the bankrupt did not file objections to the trustee's determination . . . within ten days of the filing of the trustee's report of exempt property. Nor did he apply to the court for additional time to do so. Therefore, the time for filing objections to the trustee's determination passed. When the trustee thereafter filed an amended report of exempt property, he did not make a new determination . . . ., but merely restated his prior determination with respect thereto. Therefore, the bankrupt's objections, which were subsequently filed, were not filed within the time provided in General Order 17.

   "The bankrupt essentially claims that the trustee's amended report of exempt property should be treated as an amended pleading; that under Rule 15(a) F.R.Civ.P., a response to an amended pleading may be made within ten days after service of the amended pleading; that the bankrupt filed his objections to the amended report within ten days after it was filed; and that, therefore, the Referee had jurisdiction to hear and determine the merits of his objections.

   "Although the Federal Rules of Civil Procedure are generally applicable to bankruptcy proceedings, they are only applicable insofar as they are not inconsistent with the Bankruptcy Act or the General Orders. General Orders 37 of the Bankruptcy Act.

   "Rule 15(a) F.R.Civ.P., is inconsistent with General Order 17. Under Rule 15(a) it is possible for the bankrupt to file objections to the trustee's determination more than ten days after the filing of the report of exempt property without leave of court, and solely because the trustee has chosen to modify the report of exempt property by filing

bare conclusion of the referee [4] or the authority cited by the District Court is persuasive.

*Malley* is distinguishable, for there, the court did not expressly consider the scope of its power to permit tardy filings under General Order 17. The issue in that case was whether the ten-day filing period runs from the date of a trustee's original report or the date of his amended report. The bankrupt there argued that under Rule 15(a) Fed.R. Civ.Proc.[5] he could file within ten days of the amendment. After discounting the significance of the fact that the trustee filed an amended report, and thus deciding that the period commenced with the original filing, the court concluded that the bankrupt's contention was meritless. It said:

"Rule 15(a) F.R.Civ.P., is inconsistent with General Order 17. Under Rule 15(a) it is possible for the bankrupt to file an objection to the trustee's determination more than ten days after the filing of the report without leave of court, and solely because the trustee has chosen to . . . file an amended report . . . . Under General Order 17, the bankrupt cannot file objections to the trustee's determination more than ten days after the filing of the report

of exempt property without leave of court."

We see nothing in that holding to suggest that a bankrupt can obtain the desired leave of the court only within the ten-day period. As far as we can perceive, the *Malley* decision merely affirms an obvious proposition, which Knox does not here challenge, that any late filing must be approved by the court.

The fact that the District Court's reliance on *Malley* was misplaced does not mean that *Tognetti* should have supplied the basis for a contrary decision. *Tognetti* has no more relevance to the present case than does *Malley*. That is because *Tognetti* concerned a bankrupt's petition for relief under 11 U.S.C. § 67(c),[6] not General Order 17. The court therefore made no effort to define its power to grant relief under the General Order. It merely noted that General Order 17 permits "exceptions to the trustee's reports to be filed with the referee," that Mrs. Tognetti had not filed such an objection, and that her failure to do so was insufficient reason to imply a waiver of her rights under § 67(c). Whatever the case may reveal as to relief available under § 67(c),[7] it affords no enlightenment concerning the effect of General Order 17.

---

an amended report instead of an amendment to the report. Under General Order 17, the bankrupt cannot file objections to the trustee's determination more than ten days after the filing of the report of exempt property without leave of court. Therefore, Rule 15(a) is inapplicable herein, and the bankrupt's contentions are without merit."

4. The referee stated that he had "no jurisdiction to consider the objections to the trustee's report of exempt property, said objections not having been filed within the time required by law."

5. Rule 15(a) provides:
" . . . A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders."

6. Section 67(c), at the time of the *Tognetti* opinion, stated:
"A person aggrieved by an order of a referee may, within ten days after the entry thereof or within such extended time as the court may for cause shown allow, file . . . a petition for review . . . ."
In 1960, Congress amended § 67(c) to read:
"A person aggrieved by an order of a referee may, within ten days after the entry thereof or within such extended time as the court upon petition *filed within such ten-day period* may for cause shown allow, file . . . a petition for review . . . ." (emphasis added)

7. *Tognetti* holds that, within the meaning of § 67(c), (1) bankrupts are "persons aggrieved", and (2) a decision affirming a report of exempt property is a final order of a referee which is subject to review.

In citing *Malley* and *Tognetti,* the District Court was not widely astray, for we have found no authority interpreting that portion of General Order 17 which is here at issue.[8] The proper resolution of the present case depends upon the application of pertinent decisions and doctrine developed in other contexts. There is some such persuasive authority which was apparently not drawn to the attention of the District Court.

Prior to 1960, that section of the Bankruptcy Act discussed in *Tognetti,* § 67(c), was written in terms similar to those currently employed in General Order 17. Section 67(c) provided that relief from a referee's order could be sought "within ten days after the entry thereof or within such extended time as the court may * * * allow." General Order 17 provides for the right to seek relief from a trustee's report "within ten days after the filing [thereof] unless further time is granted by the court." We think that the linguistic similarities between these provisions reflect a congruence of purpose. When the Supreme Court amended General Order 17 in 1933 [9] and gave it its present form, the Court must have intended to afford bankruptcy courts power to permit tardy objections to trustees' reports commensurate with their power to recognize untimely motions to review referees' orders and most other untimely motions. *See* Rule 6(b)(2) Fed.R.Civ.Proc. Otherwise, there would be an anomalous disparity of power. For example, if General Order 17 were interpreted more strictly than § 67(c), a district judge

administering an estate himself without the aid of a referee would have less power to review a trustee's decisions than he would if he had appointed a referee and thus could, under § 67(c), review the orders of the referee affirming or reversing those same decisions. Perceiving no valid purpose which would support such a distinction, we conclude that these two provisions should be given the same interpretation.[10]

The common meaning of General Order 17 and § 67(c) was established when, in 1942, the Supreme Court decided Pfister v. Northern Illinois Finance Corp., 317 U.S. 144, 63 S.Ct. 133, 87 L. Ed. 146 (1942). The Court therein defined the power of bankruptcy courts, under § 67(c) to review referees' orders made pursuant to 11 U.S.C. § 203. It held:

"Courts of bankruptcy are courts of equity without terms. . . . The entire process of rehabilitation, reorganization or liquidation is open to reexamination out of time by the District Court, in its discretion, and subject to intervening rights.

\* \* \* \* \* \*

"[Section 67(c)] was [not] intended to be a limitation on the sound discretion of the bankruptcy court to permit the filing of petitions for review after the expiration of the period. The power in the bankruptcy court to review orders of the referee is unqualifiedly given in [11 U.S.C. § 11]. The language [of § 67(c)] is

---

8. This is true as to the 1933 version of General Order 17. There are, however, a number of cases interpreting this provision as it was written prior to that date. *See, e. g.,* In re Krecun, 229 F. 711 (7th Cir. 1916).

9. Prior to 1933, General Order 17 provided that an objection could be filed "within twenty days after the filing of the [trustee's] report."
   The present language is quoted in note 1, *supra.*

10. The Preliminary Draft of Proposed Bankruptcy Rules, issued in March, 1971,

would, in effect, amend General Order 17 so that it would contain a limitation similar to that of the 1960 amendment to § 67(c). Proposed Rule 403(c) states that objections may be filed within 15 days after the report is filed, "unless further time is granted by the court *within* such 15 day period." (emphasis added) This supports our view that courts' power under § 67(c) should be commensurate with their power under General Order 17 and that the proper interpretation of General Order 17, as now written, is demonstrated by the interpretation of Rule 67 (c), as it was written prior to 1960.

. . . a limitation on the 'person aggrieved' to file such a petition as a matter of right."

We hold that the views expressed in *Pfister* are fully applicable to General Order 17 and reveal its proper interpretation; consequently, parties have a right to file objections within the ten-day filing period and, thereafter, a court may grant a later request for review if it concludes that equitable considerations so require.

We are not persuaded that this interpretation of General Order 17 will lead to chaos, as Lines suggests, even though the interpretation is applicable to creditors as well as to bankrupts. The possibility of review subsequent to the expiration of the filing period will not upset or inhibit the settlement of estates because this type of review will be available only when equity requires it. Thus availability of review to an untimely applicant may depend upon (1) the absence of prejudice to the nonmoving parties resulting from delayed review, and (2) acceptable justification for the applicant's failure to comply with the ten-day filing rule. The existence of sufficient justification for delayed filing could be determined by a variety of standards. We think, however, that in most cases, as the bankrupt here suggests, it should depend upon compliance with Rule 60(b) Fed.R.Civ. Proc. which provides:

> "On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time."

The Rules of Civil Procedure are applicable to bankruptcy proceedings if they are consistent with the Act and the General Orders. Bankruptcy Gen.Order 37. We see no inconsistency between our interpretation of General Order 17 and Rule 60(b); hence, Rule 60(b) is applicable to motions for extended time under General Order 17.

The question thus becomes whether Knox met the test we have attempted to formulate. As to the first issue, the existence of prejudice caused by the delay in seeking review, there is little room for debate, for the circumstances of this case compel the conclusion that equity required the referee and the District Court to consider Knox's objection. Knox's delay in filing was insignificant and inconsequential. It spanned a four-day period which included a holiday and a weekend. Moreover, there is no evidence in the record to indicate that any of Knox's creditors were in any way prejudiced by the delayed filing or, in fact, that between the third and the seventh of July anyone relied upon the fact that no objection had been filed within the ten-day period. Given the well established policy of the Bankruptcy Act to favor property exemptions, *see, e.g.*, Matter of Dudley, 72 F. Supp. 943 (S.D.Cal.1947), aff'd 166 F.2d 1023 (9th Cir. 1948), the significance of a minor delay in the proceedings, such as the one in this case, is minimal. It is far more equitable to impose a harmless period of uncertainty upon creditors than it is to deny a bankrupt's claim to a possibly valid homestead exemption because of such a slight procedural error as was here committed.

Unfortunately, the record does not reveal whether Knox had a valid excuse for not making a timely objection. If, upon remand, he is able to present a reasonably satisfactory excuse, under Rule 60(b), for his slight delay, the merits of his claim for a homestead exemption should be reviewed.[11]

Reversed and remanded.

---

11. Knox need only justify the delay between July 3, 1969, and July 7, 1969. He should not, of course, be penalized because of the time necessarily consumed by his successful prosecution of this appeal.