In re TECHNICAL MARINE MAINTE-
NANCE CO., Inc.

Nos. 9206, 9170.

Circuit Court of Appeals
Third Circuit.

July 29, 1948.

Nicholas S. Schloeder, of Union City, N. J., for Township of North Bergen in the County of Hudson.

Edward J. O'Mara, of Jersey City, N. J., for O'Mara and Lord.

Eugene Daniel Powers, of New York City (William J. Hanley, of Hoboken, N. J., and Harold H. Wolgel, of New York City, on the brief), for Technical Marine Maintenance Co., Inc.

George T. Steeley, of Philadelphia, Pa. (Carr & Krauss, of Philadelphia, Pa., and Louis B. Davidson, of New York City, on the brief), for Eastern States Electrical Contractors, Inc.

Before GOODRICH, and KALODNER, Circuit Judges, and FEE, District Judge.

JAMES ALGER FEE, District Judge.

The Township of North Bergen [1] is the owner of waterfront property, which was leased by Technical Marine Maintenance Co., Inc.,[2] for a term of two years with option of renewal. The lease contained the following language: " * * * or if the tenant shall file a petition in bankruptcy or be adjudicated a bankrupt or insolvent by a Federal or State Court, or make an assignment for the benefit of creditors or take advantage of any insolvency act, the landlord may, if it so elect, at any time thereafter terminate this lease and the term thereof, upon giving to the tenant five days' notice in writing of its intention so to do, and upon the giving of such notice, this lease and term thereof shall terminate, expire and come to an end on the date fixed in such notice as if said date originally fixed in this lease for the termination or expiration thereof."

On October 8, 1945, certain creditors filed an involuntary petition against Technical under Chapter X of the acts relating to bankruptcies, 11 U.S.C.A. § 501 et seq., which petition contained the requisite statutory allegations and specifically charged that Technical "is insolvent and is unable to pay its debts as they mature." The allegation of equitable insolvency is categorically admitted in the answer filed by debtor under seal thereof and with a certificate of the secretary that the action was taken

---

[1] Hereinafter called "Township."

[2] Hereinafter called "Technical."

pursuant to a resolution duly passed by the board of directors and an affidavit of the same official that all of the directors were present at the meeting and that the resolution was adopted in due course.

On October 10, 1945, the District Judge found that the debtor company was a corporation that could become a bankrupt under Section 4 of the Bankruptcy Act, 11 U.S.C.A. § 22, and was unable to meet its debts as they matured and that the petition was filed in good faith, and approved it. Temporary trustees were named by order. On October 31, 1945, Township executed and served a notice in writing terminating the lease on November 15, 1945, and on November 19, 1945, filed a notice of motion for an order for leave to dispossess the debtor or to pursue possession of the premises in other fora. The District Judge held a hearing on this motion. Briefs were filed. Thereupon, by order dated April 24, 1946, the Judge granted the motion and directed the trustees to surrender possession on May 31, 1946. The trustees appealed from this order May 15, 1946. This will be designated as the first appeal.

Notwithstanding the order of April 24, 1946, subsequent steps are claimed to have affected its validity. These will now be detailed.

There had been a change in the stock ownership of the debtor corporation on February 19, 1946, when Eugene D. Powers became the sole owner. Thereafter, James A. Coolahan, an attorney for a creditor, and Powers, separately, petitioned the Judge for an order vacating all proceedings. An order to show cause issued on May 7, 1946, but both petitions were dismissed without prejudice on July 9, 1946. On July 16, 1946, upon the affidavit of Powers, an order was issued directing all creditors to show cause why the petition for reorganization should not be dismissed ab initio and all proceedings subsequently thereto vacated, and that the trustees be directed to discontinue the appeal from the order of April 24, 1946. After a hearing on July 19, 1946, the Judge made an order that all orders, decrees and determinations, including the order made on April 24, 1946, be vacated ab initio. It was further ordered that the trustees discontinue the appeal from the order of April 24, 1946. Directions were given for the disposition of assets of the debtor corporation. The trustees were directed to deliver possession of the property to the debtor and to pay the rent to Township up to July 31, 1946, out of funds of the debtor, which they held. From the portions of this order which affected the lease and the premises, Township appealed. This is designated as the second appeal.

The two appeals in this cause were heard on a consolidated record after this Court, at the initial hearing, was of the opinion that there was not sufficient data upon which to determine the matters unless this was done. There was a direction by this Court that the trustees proceed with the first appeal, and the order of the District Judge that they abandon that proceeding was eliminated. Consideration will now be given to the order of the District Judge, which held that Township had the right to cancel the lease under the clause above quoted, based upon the adjudication of insolvency and the direction to the trustees to surrender the leased property to Township.

On the merits of the first appeal, no long discussion is required. The motion of Township for surrender by the officers of the Court or for leave to pursue the ordinary legal remedies in other Courts was an efficient and well sanctioned approach to the end desired. The property was in possession of officers of the Court, and Township submitted itself to the jurisdiction also for the determination of this question. The proceedings in reorganization of corporations are modified and controlled forms of the familiar equity receivership, for the initiation of which the allegations of inability of the debtor to pay debts as they mature sufficed. The approval of such a petition, as in good faith by a court, laid firmly the jurisdiction to entertain proceedings looking to rehabilitation. There was a positive determination of insolvency. This stark naked fact was thereby judicially established. Although the District Judge subsequently avoided

the basic order which initiated the reorganization proceedings, this finding that the debtor was unable to pay its debts as they matured had never been disaffirmed. Furthermore, even if the filing of the answer by Technical admitting insolvency were not sufficient proof, the acquiescence in the insolvency proceedings, until the time of the declaration of termination and thereafter, conclusively proved that Technical, its then officers and stockholders, were taking advantage of an insolvency act. On either score, the condition subsequent of the lease, providing that "if the tenant * * * be adjudicated * * * insolvent by a Federal * * * Court * * * or take advantage of any insolvency act," was broken and Township, as landlord, became vested with the right to terminate the lease at its option. The power was exercised, and without more ado the lease was at an end.

■■■ This appeal is ruled then by Finn v. Meighan, 325 U.S. 300, 65 S.Ct. 1147, 89 L.Ed. 1624. The trustees attempt to distinguish this situation by pointing out that the lease here contains the word "adjudicate," whereas the lease of the Finn case uses "adjudge." It is said that the petition there was voluntary, while here it was involuntary. The conclusion is suggested that a stereotyped form was used at random. Even so, the lease was the contract between the parties and must be carried out in the contingency here at hand, whether the proceedings were voluntary or involuntary. There seems to be a disposition to claim that the fact the lease there was automatically terminated by the event, whereas here it required exercise of an option by the lessor, should make a distinction. If there is anything to this argument, the case is stronger here where the lessor, by affirmative act, declared the termination under the clauses of the lease. The rights of Township do not then depend upon the order of the Court or the taking advantage of an insolvency act by debtor exclusively, but upon the affirmative exercise of the option to end the term. The power to have the lease and term "terminate, expire and come to an end" as of November 15, 1945, gave rise to a vested estate in real property upon the declaration by Township. Such a right cannot be divested without due process of law. Therefore, the order of April 24, 1946, recognizing the property rights of Township and directing surrender of the property to it by the trustees was entirely correct and is explicitly affirmed.

Attention will now be directed to the second appeal which was taken from the order of the District Judge, which vacated ab initio the approval of the petition for reorganization and the appointment of the trustees. Township has appealed from all phases of this order which may affect its rights to repossess the real property in question. The genesis of the order voiding the reorganization ab initio was the knowledge of the present owners of Technical and all of the creditors that a reorganization would now not be successful unless a lease of the property which it formerly occupied could be obtained. All recognized that the order to turn over the property which we have just affirmed was correct and could only be escaped by some method which scoured out its foundations. The District Judge was impressed by arguments that the purpose of the statute was to accomplish rehabilitation rather than liquidation, that all the creditors but one were agreed and that it would be inequitable to permit Township to retain the fruits of its contract to the detriment of Technical and its other creditors. The consideration that it would be inequitable to saddle Township alone with the consequences of mismanagement which brought about the insolvency of Technical, notwithstanding the legal rights of Township, was apparently not entertained.

■■■ It is contended that, by the entry of the order of vacation, there was no foundation upon which the order of turnover of the real property could stand. But the taking of the appeal from the first order vested this Court with jurisdiction to hear and consider all matters connected with the validity of the lease, the condition subsequent and the surrender of the premises. The District Judge had no power thereafter to reconsider these matters directly. That which he could not do directly, he could not do indirectly by destroying

the foundation of the whole proceeding. The first appeal then did not become moot, but raised a contested issue on which this Court has now spoken. Besides the order to vacate had no force in face of the second appeal in which Township carefully covered all phases thereof which affected the lease and the real property. Consideration of the merits of the order of vacation and the original order for reorganization cannot be avoided by this simulacrum of a technicality. Even if the order of vacation could have had the effect contended for, Township would not have lost its vested right because the order could not affect its restored state. If Technical were now replaced in possession, its entry on this land would be a trespass and a disseizin of Township for which there are remedies in appropriate courts. The key adjudication of insolvency of Technical, upon which termination was declared, has not been expunged and the consequences are immutable. The bell once rung could not be unsounded.

The basic position of the District Judge was not that Technical was able to pay its debts as they matured at the date the involuntary petition was presented, but, on the other hand, that good faith of the three petitioners did not exist then because it had long after that date been discovered that reorganization cannot be consummated without possession by Technical of this real property under a renewable lease.

■ There are no terms of the bankruptcy court, and all orders are subject to review until final closing, unless otherwise made unassailable. But in any event an order once passed should not be set aside without some grounds for the vacation. The appeal from the order of vacation raises the question as to whether there was good faith upon the part of the petitioning creditors, as of the date of the approval of this petition.

■ The good faith of the three petitioning creditors was a question of fact before the District Judge. There was a positive finding of good faith in the initial order. No one has since questioned their standing as creditors nor the fact that they were seeking a remedy for a condition of financial embarrassment of Technical caused by mismanagement and inefficiency. These claims were not acquired for the purpose of filing the petition. The personal good faith appears beyond cavil. No one, whether judge, petitioning creditor or other, is shown to have had knowledge that Township would exercise its option to terminate the lease on filing the petition for reorganization. Nor is it shown that anyone knew that cancellation would frustrate reorganization. The terminal notice was dated October 31, 1945, and the notice of motion for leave to dispossess filed November 19, 1945. The Judge passed upon the situation as it was October 10, 1945. The fact that subsequent events have proven that a reorganization is not possible without possession of this property by the trustee under the lease can have no effect upon the good faith at the time when the order for reorganization was entered. All the other elements of "good faith" prescribed by the statute were present. No adequate relief was obtainable under Chapter XI, 11 U.S. C. A. § 701 et seq., and no prior proceeding was pending at the time. At the time of the consideration of the order of vacation, strong affidavits were filed by one of the petitioning creditors and one of the attorneys for debtor, showing that the petition was filed in the belief that it was best for debtor and all concerned. The answer filed by Technical bearing evidence of appropriate authorization might also be cited as evidence of good faith of petitioners. In any event, the Court passed upon the question of fact and no ground other than practical impossibility of reorganization at the present time has been suggested to accomplish its overthrow.

Besides these are other grounds upon which the original order should be impregnable.

The bad faith involved has been shown by the officers and stockholders of Technical. None of these protested or objected to the filing or approval of the petition. The answer was filed for the purpose of clearing the way for reorganization which admitted equitable insolvency. Samuel Weinberg, who was Secretary-Treasurer of Technical, attached his certificate as

such officer that a resolution was passed by the board of directors permitting him to "further or assist proceedings for the reorganization of this corporation." He also attached an affidavit that all directors were present at the meeting and that the resolution was duly passed. Weinberg filed another affidavit on May 3, 1946, in aid of the petition to vacate, in which he flatly denies all of these particulars to which he had previously sworn and certified. It is clear that Weinberg lied in his first or second affidavit, perhaps in both. There had been a complete change of stock ownership of Technical in the meantime. This circumstance characterized the hands of the movants for vacation of the order as unclean. A Court should never predicate action upon evidence superimposed upon perjury. Of course, the good faith of the officers and stockholders of debtor was not in issue when the original petition for reorganization was presented. But this résumé shows that laches, inaction and bad faith characterize their attempt to have the proceeding avoided ad initio.[3]

In the face of the vested right of Township, no consideration should be given thereto. An order which would have been set aside upon appeal or which the Court which granted it would have vacated before the situation changed will not be disturbed where rights have vested in consequence of the entry thereof, because it is impossible to re-establish the pre-existing status and because powers which then sprung into being have been exercised and have founded rights in third parties.[4]

This proceeding was dismissed ab initio. No attack was made on the good faith of petitioners by answer or otherwise in the initial stage of the proceeding. The point as to good faith could not then have been raised on appeal from the order approving the petition.[5] Finally, re-examination of the question of good faith, either by the District Judge or by this Court, has been rendered impossible by definite provisions of the basic act,[6] since not only the time for appeal therefrom has expired,[7] but also the time for filing answers thereto. When the Judge found the petition was filed in good faith, he had power to enter the order of April 24, 1946, and it was error to attempt to vacate either afterward.

The vested right of Township was rendered inexpugnable by barriers of due process and legislative inhibition against attack upon previously adjudicated good faith. If reorganization cannot be accomplished in view of the loss of this asset, alleged indispensable to the debtor, the legislation provides not for dismissal ab initio, but, in the alternate, for dismissal of the petition as of the present date or for liquidation of the debtor.[8] Such a dismissal gives opportunity for disposition of the assets according to correct principles.

The order, so far as appealed from, will be reversed and the cause will be remanded with direction to the District Judge to establish the rights of appellant in accordance with this opinion. The Court, instead of directing the Trustees to pay the rental accrued according to the terms of the lease, will require them to pay to Township the value of the use and occupation not less than the rental since the wrongful withholding on November 15, 1945.

---

[3] See In re Farrell Realty Co., D.C., 10 F.2d 612, 614; Mason v. Dean, 9 Cir., 31 F.2d 945; In re DeLue, 1 Cir., 295 F. 130, 131; In re Ives, 6 Cir., 113 F. 911, 914.

[4] See Wharton v. Farmers & Merchants Bank of Green Ridge, Mo., 8 Cir., 119 F. 2d 487, 489.

[5] Clark Bros. Co. v. Portex Oil Co., 9 Cir., 113 F.2d 45, 48.

[6] "An order, which has become final, approving a petition filed under this chapter shall be a conclusive determination of the jurisdiction of the court." 11 U.S.C.A. § 549.

[7] Matter of V. Loewer's Gambrinus Brewery Co., Inc., 2 Cir., 141 F.2d 747, 749; Country Life Apartments, Inc. v. Buckley, 2 Cir., 145 F.2d 935, 938.

[8] 11 U.S.C.A. § 636; Sylvan Beach, Inc. v. Koch, 8 Cir., 140 F.2d 852, 862.