Arnold A. SMITH and Rachael Smith, his wife, and Herbert Smith and Evelyn Smith, his wife, Appellants,

v.

UNITED STATES of America, Appellee.

No. 20359.

United States Court of Appeals Ninth Circuit.

June 6, 1966.

Jarril F. Kaplan, Curtis A. Jennings, Moore, Romley, Kaplan, Robbins & Green, Phoenix, Ariz., for appellants.

Richard M. Roberts, Acting Asst. Atty. Gen., Lee A. Jackson, Joseph Kovner, Lawrence B. Silver, Gilbert E. Andrews, Attys., Dept. of Justice, Washington, D. C., Wm. P. Copple, U. S. Atty., Richard C. Gormley, Asst. U. S. Atty., Phoenix, Ariz., for appellee.

Before POPE, HAMLEY and KOELSCH, Circuit Judges.

PER CURIAM:

Proceeding under the Tucker Act, 28 U.S.C. § 1346(a) (2), Arnold A. Smith and Herbert Smith, and their wives, brought this action against the United States to recover $7,470 for the taking, use and occupancy of plaintiffs' warehouse and office buildings in Phoenix, Arizona.

We summarize the pertinent allegations of the amended complaint: Until May 8, 1964, and prior thereto, plaintiffs had leased the premises to Lichty Printing and Business Forms, Inc., for a rental of $1,350 a month or $45 a day. By that date the lessee had been in default for a number of months in the monthly payments called for by the lease, and considerable back rent was due and owing. On May 8, 1964, the United States, through its agents and employees of the Internal Revenue Service, took possession of and occupied the premises, by padlocking the premises and levying upon and seizing the property of the lessee located on the premises, for taxes.

On the same date, plaintiffs, demanded possession of the premises from the United States. Plaintiffs advised the United States that plaintiffs were the owners and would look to the United States for payment of the rent in the sum of $45 per day so long as the latter occupied and used the premises. The United States nevertheless continued to occupy and use the premises until October 21, 1964, at which time they were returned to plaintiffs.

Upon the basis of these alleged facts plaintiffs sought a monetary recovery on the alternative theories of implied contract and inverse condemnation. The Government, proceeding under Rule 12 (b) (6), moved for dismissal of the amended complaint on the ground of failure to state a claim upon which relief can be granted. There was attached to this motion, as an exhibit, a copy of the lease in question. The motion was granted and a judgment was thereupon entered dismissing the action. This appeal followed.

The Government concedes that, by reason of the default in the payments due under the lease, plaintiffs were, on May 8, 1964, entitled to exercise their rights under the lease and under the statutes of Arizona to terminate the lease. The Government also agrees that, had they done so, plaintiffs would have been entitled to possession and would have standing to assert a claim against the Government on the theory of inverse condemnation. But, argues the Government, the exercise of these rights required the plaintiffs to proceed against the lessees by notice or action, and that the notice and demand for possession which plaintiffs directed to the Government did not suffice. Plaintiffs argue that the notice and demand directed to the Government was sufficient to terminate the lease and give plaintiffs standing to assert this claim. The district court apparently adopted the Government's view.

During the oral argument in this court there was a suggestion from the bench that there was possibly an abandonment of the lease by the lessees. On the other hand, counsel for the Government with the permission of the court, called attention to some facts outside the record tending to indicate that the lessee or its trustee in bankruptcy continued to exert rights under the lease after May 8, 1964.

A full development of the facts pertaining to these and other circumstances would make it possible to resolve the question pertaining to plaintiffs' standing to assert this claim with considerably more assurance than is possible on the basis of the meager factual allegations now before us.

While the district court purported to act on the basis of a Rule 12(b) (6) motion to dismiss, the inclusion of the

lease as an exhibit attached to the motion, and the fact that it was not excluded by the court, converted the motion into one for a summary judgment under Rule 56, Federal Rules of Civil Procedure. See Rule 12(c), Federal Rules of Civil Procedure; International Longshoremen's and Warehousemen's Union v. Kuntz, 9 Cir., 334 F.2d 165, 168.

■ Under Rule 56(c), a motion for summary judgment may not be granted if there is a genuine issue as to a material fact. As this case was presented in the district court it was not apparent that any such issue of fact was involved. As the case unfolded in this court, however, genuine issues of material fact, as noted above, have been revealed. Under these circumstances we think the proper course is to send the case back for a full trial.

The judgment is vacated and the cause is remanded for further proceedings consistent with this opinion.

POPE, Circuit Judge (concurring):

I agree with the disposition made by the foregoing Per Curiam opinion and I agree with what is said therein.

I write this opinion for the purpose of noting certain additional matters which the court below should take into consideration upon the remand and after a full development of the facts.

It may well appear, and I think will probably appear, that the officers of the United States had full and complete notice of the financial situation of the former tenant and that it had in effect thrown up its hands so far as further operations were concerned. If this develops then the situation should be the same as that discussed in Carroll v. United States, D.C.Ark., 229 F.Supp. 891, where it was held that under similar circumstances the United States was liable to pay a reasonable compensation for the use of the premises occupied by it notwithstanding that the owners did not give notice of default as required by the lease. Not only that, but I think the court is obliged to take into consideration the probable fact that the United States by seizing the property actually took from the appellant a right which must be treated as a property right, one actually vested in him. That right was a right to retake possession by terminating the lease in the manner provided in the lease instrument.

This power which belonged to the appellant was effectively terminated and destroyed by the Government's seizure of the property and the padlocking of the premises. From that time on the appellant was effectively deprived of this power and this continued until the Government surrendered the property. That such power and right was in the nature of a vested property right cannot be questioned. As stated in In Re Technical Marine Maintenance Co., 3d cir., 169 F.2d 548, 551, "The power to have the lease and term 'terminate, expire and come to an end' as of November 15, 1945, gave rise to a vested estate in real property upon the declaration by Township. Such a right cannot be divested without due process of law." If the court finds, as I think it must, that the United States effectively did away with this vested right of the appellant then you have a plain case of taking of property without due process of law.

There is another question which may to some extent depend upon Arizona law. In processing the case here the Government represented that the rights of the United States claimed by it were "derived from the tenant taxpayer." In short, it appears to be the Government's claim that it took over the tenant's rights to the premises, at least for this period of time. It would appear to me that under these circumstances the United States may well have become the successor in interest to the tenant. If that is so, then the proper person upon whom to serve a demand and notice of termination of lease would be this successor, the United States. This would mean that the notice served by the appellant on the United States would satisfy all possible requirements of the lease and of the Arizona statutes.