**In re Angelo SANTORO, Bankrupt.**

**In re Anita SANTORO, Bankrupt.**

**Bankruptcy Nos. 78–B–2749, 78–B–2750.**

United States Bankruptcy Court,
E. D. New York,
at Westbury.

March 12, 1980.

Hauptman & Hauptman, Brooklyn, N. Y., for bankrupts.

Thomas J. Lopresto, Astoria, N. Y., trustee.

## MEMORANDUM DECISION AND ORDER

ROBERT JOHN HALL, Bankruptcy Judge.

### I.

The bankrupts have moved this Court for an order declaring that the $3,000 which the trustee realized on the sale of his right, title and interest in and to the bankrupts' home be subject to the $10,000 homestead exemption and that such amount be turned over to the bankrupts. In the alternative should it be found that the residence is subject only to a $2,000 homestead exemption that such $2,000 be turned over to the bankrupts since they filed for a homestead exemption in their county of residence.

### II.

The bankrupts filed for bankruptcy at 4:35 p. m. on November 8, 1978. Previously, on that same day, the bankrupts filed for a homestead exemption for their place of residence. The trustee, on December 29, 1978, submitted his Report on Exempt Property specifically disallowing bankrupts' claim of a $10,000 homestead exemption as set forth in their schedules.

On January 2, 1979 the bankrupts' attorney wrote a letter to the trustee objecting to his disallowance of the exemption. The bankrupts' attorney did not send a copy of the letter to the Court.

On January 17, 1979 an order was signed and entered approving the Trustee's Report on Exempt Property. On May 2, 1979, the trustee sold his right, title, and interest in and to the bankrupts' residence for $3,000.

On May 31, 1979, the bankrupts' attorney filed a Petition and Notice of Motion requesting that the trustee turn over the money received on the sale of his right, title and interest in the bankrupts' residence to the bankrupts. The bankrupts' attorney also asked that the $10,000 exemption be approved, or in the alternative that at least a $2,000 exemption be approved.

On June 11, 1979, the trustee filed an Answering Affirmation objecting to the Petition claiming that it was not timely filed as a proper objection to his Report on Exempt Property. The trustee also argues that filing of a homestead exemption on the day of filing the bankruptcy petition obviously could not give any exemption as regards the creditors listed in the Petition.

On June 13, 1979, the bankrupts filed an answer to the Trustee's Answering Affirmation. They asked that the formal objection to the Trustee's Report be extended. They requested that their letter of January 2, 1979 be deemed such formal objection.

On October 26, 1979 the bankrupts filed a Second Supplement to their Notice of Motion regarding their homestead exemption in which they reiterated their position and asked the Court to exercise its equitable powers in this matter.

The issue before the Court is whether the Bankruptcy Court, can properly grant the bankrupts' motions and allow an objection to the Trustee's Report on Exempt Property to be filed more than five months after the expiration of the fifteen day objection period.

### III.

Bankruptcy Rule 403(c) requires that the bankrupt file an objection to the Trustee's Report on Exempt Property within 15 days of the filing of such report, unless an extension is requested within this 15 day period. If no objection is filed the Report is deemed accepted.[1] Under Bankruptcy Rule 906(b)

---

1. Bankruptcy Rule 403(c) provides:

   Objections to Report. Any creditor or the bankrupt may file objections to the report within 15 days after its filing, unless further time is granted by the court within such 15-day period.

Copies of the objections so filed shall be delivered or mailed to the trustee and, if the objections are by a creditor, to the bankrupt and his attorney. After hearing upon notice the court shall determine the issues presented by the

the Court may grant an extension of time for a party to act, if the request is "made before the expiration of the period originally prescribed". Normally, the Court may grant such an extension after a period his expired *if* such late filing is due to *excusable neglect.* However, Rule 906(b)(2) provides that the Court may *not* extend the time "for taking any action under Rule 403(c)" after the period originally prescribed has expired.[2]

■ The Bankrupts seek to file an objection to the Trustee's Report five months after the period expired. The Court cannot grant the request that the letter dated January 2, 1979 to the trustee be deemed a formal objection to the Report. *Such letter did not meet the filing requirement of Rule 403(c) wherein the objection must be made known to the Bankruptcy Court.*

In *Knox v. Lines,* 463 F.2d 561 (9th Cir. 1972) the Court of Appeals did not allow a bankrupt to file a late objection to the Trustee's Report. The bankrupt therein, lost any claim of a homestead exemption. The Court stated that

"A Bankruptcy Court is a court of equity . . . It's equitable powers are, however, limited. They may be exercised only within the limits established by the Bankruptcy Act and General Orders . . availability of review to an untimely applicant may depend upon: (1) the absence of prejudice to the non-moving parties resulting from delayed review, and (2) acceptable justification for the applicants failure to comply with the . . . filing rule" *Knox, supra* at 563–566.

■ Should the bankrupts attempt to amend their schedule and include a $2,000 homestead exemption instead of $10,000, it

could not be allowed. Bankruptcy Rule 110 allows a bankrupt to amend any of its schedules at any time before the close of the case "as a matter of course." However, bankrupts may not use Rule 110 to circumvent the express provisions of section 403(c) and 906(b). To allow bankrupts to amend would in effect disregard the specific provisions of sections 403(c) and 906(b).

The treatise *Collier on Bankruptcy* has stated that

"The amendment should be seasonably made, while property is still in the hands of the Trustee and unaffected by adverse rights." 1A *Collier on Bankruptcy* ¶ 6.19 (14th ed. 1972)

In *In re Powers,* 339 F.Supp. 1068 (W.D. Ark.1972) an amendment was allowed because it was timely made before there was reliance by the trustee. Similarly, in *Thompson v. Powell,* 413 F.2d 276 (5th Cir. 1969), an amendment was granted because it did not create a complication in the administration of bankruptcy. Recently, in *In re Gershenbaum,* 598 F.2d 779 (3d Cir. 1979), a bankrupt was allowed to amend his schedule and add a creditor. However, the court pointed out that the amendment did not prejudice the creditor who contested the amendment.

It is clear that *Gershenbaum, Powers* and *Thompson* differ from the case at bar. The trustee here would be prejudiced were bankrupts allowed to amend. The trustee sold his rights in the property that bankrupts had no homestead exemption. Had the trustee not relied on that fact, he would have had to sell his rights in the property for a greater sum so that his expenses would be covered.

---

objections. The burden of proof shall be on the objector.

2. Bankruptcy Rule 906(b) provides:

Enlargement. When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without application or notice order the period enlarged if request therefor is made before the expiration of the period originally pre-

scribed or as extended by a previous order or (2) upon application made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Rules 107(b)(2), 115(b)(4) insofar as it makes Rule 50(b) of the Federal Rules of Civil Procedure applicable in bankruptcy cases, 302(e), 403(c), 607, 752(b), 802, 923, and 924, except to the extent and under the conditions stated in them.

## IV.

In order to secure prompt resolution of these bankruptcy proceedings and avoid prejudice to the rights of the trustee, the bankrupts' motion cannot be granted.

The bankrupts' attorneys should have filed a timely objection to the trustee's exempt property report. The United States Supreme Court stated in *Katchen v. Landy*, 382 U.S. 323, 328–329, 86 S.Ct. 467, 472, 15 L.Ed.2d 391 (1966) that:

> ". . . this court has long recognized that chief purpose of the bankruptcy laws is 'to *secure a prompt and effectual administration and settlement of the estate of all bankrupts within a limited period.*' *Ex parte Christy*, 3 How. 292, 312, 11 L.Ed. 603 . . ." (emphasis supplied).

Although this decision denies the bankrupts' pleas for equity and may work a small hardship on them we must reiterate the position taken by the Court of Appeals in denying an ex parte stay on a judicial sale of the debtor's property because it did not comply with the procedure requirements of the Bankruptcy Act. *In re Chanticlear*, 592 F.2d 70 (2d Cir. 1979):

> "The Bankruptcy Court's powers, however broad must be exercised in accordance with the procedural requirements of the Bankruptcy Act and Rules: 'a bankruptcy court is a court of equity . . . and is guided by equitable doctrines and principles except in so far as they are inconsistent with the act' *SEC v. Realty and Improvement, Co.*, 310 U.S. 434, 60 S.Ct. 1044, 84 L.Ed. 1293 . . ." at 74

In view of the foregoing, the bankrupts' motion to amend their schedules to allow a homestead exemption must be denied.

So ordered.