In the Matter of Frank T. SHAFFER, and Arlene Shaffer, Debtors.

Bankruptcy No. 879–03102–17.

United States Bankruptcy Court, E. D. New York.

Jan. 20, 1981.

498

Pinks & Feldman, Melville, N. Y., by Bernard S. Feldman, Melville, N. Y., for objecting creditors.

Schwartz & Sachs, P. C., Carle Place, N. Y., for debtors; by Neil R. Flaum, Carle Place, N. Y., of counsel.

## MEMORANDUM AND ORDER

BORIS RADOYEVICH, Bankruptcy Judge.

### MEMORANDUM

Frank T. Shaffer and his wife Arlene commenced this joint case on October 16, 1979, by filing a petition for relief under chapter 13 of the Bankruptcy Code. In the statement accompanying their petition, Frank Shaffer claimed exemptions based on New York law while his wife claimed various exemptions specified in section 522(d) of the Bankruptcy Code. A $10,000.00 homestead exemption was among the exemptions claimed by Frank Shaffer. The interim trustee qualified on October 30, 1979, see Fed.R.Bankr.P. 13–205(b)(2), and the meeting of creditors pursuant to Code section

341 was closed on December 12, 1979. On June 16, 1980, the debtors presented an order to the Court, which was signed ex parte[1] authorizing the debtors to amend their statement to permit Frank Shaffer to claim the exemptions specified in section 522(d) of the Code (this order is hereinafter referred to as the "prior order"). By a motion opposed by the debtors, three objecting creditors have asked this Court to reconsider and vacate its prior order. The motion was submitted on October 28, 1980, and decision was reserved to consider whether the requested relief would be proper. Because the creditors' motion presents a recurring question in bankruptcy administration and for the reasons which follow, the Court concludes that the prior order should be reexamined but should not be modified.

## I.

Rule 60(b) of the Federal Rules of Civil Procedure, which applies in bankruptcy proceedings by virtue of Bankruptcy Rule 924,[2] provides that a party may be relieved from a final order for various reasons specified in the rule. Prior to October 1, 1973, the effective date of Bankruptcy Rule 924, it was settled that a referee in bankruptcy possessed the "ancient and elementary power" of a judge of any court to reconsider his own orders. This was so even if the time for appeal had expired. See *Wayne United Gas Co. v. Owens-Illinois Glass Co.*, 300 U.S. 131, 137–38, 57 S.Ct. 382, 386, 81 L.Ed. 557 (1937); *In re Pottasch Bros. Co.*, 79 F.2d 613, 616 (2d Cir. 1935) (L. Hand, J.). The referee's power to reconsider was limited in time to the extent that the power could not be exercised in a case after it was closed,

see *In re Technical Marine Maintenance Co.*, 169 F.2d 548, 552 (3d Cir. 1948), or after the expiration of the term of the court in which the prior order had been entered, *Wayne United Gas Co. v. Owens-Illinois Glass Co.*, 300 U.S. 131, 136, 57 S.Ct. 382, 385, 81 L.Ed. 557 (1937). The referee's power was also limited by the rule that an order could not be reconsidered if rights had vested in reliance upon the order, or if intervening rights would be prejudiced by reconsideration. These rules gave a measure of finality to judgments and orders of the Bankruptcy Court by acting as a bar to reconsideration in cases in which it was impossible to reestablish the rights of parties in interest as they stood when the original judgment or order was entered. *Wayne United Gas Co. v. Owens-Illinois Glass Co.*, 300 U.S. 131, 137–38, 57 S.Ct. 382, 386, 81 L.Ed. 557 (1937). See also *Pfister v. Northern Illinois Finance Corp.*, 317 U.S. 144, 63 S.Ct. 133, 87 L.Ed. 146 (1942); *In re Pottasch Bros. Co.*, 79 F.2d 613, 616 (2d Cir. 1935).

## II.

The impact of Rule 924's adoption upon the Bankruptcy Court's power to reconsider its own ex parte orders remains unclear. The commentators believe that this power is now limited by the express language of Rule 60(b), except that the time periods set forth in this rule do not apply to motions to reopen cases or to the reconsideration of orders allowing or disallowing claims. See, e. g., 7 MOORE, FEDERAL PRACTICE ¶ 60.18[7] (2d ed. 1978); 13 COLLIER ON BANKRUPTCY ¶¶ 924.01, .05 (14th ed. 1977). This view is based in part on the Advisory Committee's Note to Bankruptcy

---

1. The order was presented to the Court on June 16, 1980, in accordance with a notice of settlement addressed to all creditors. An affidavit of service annexed thereto indicates that the proposed order was mailed to the creditors on June 10, 1980. No hearing date was specified. The Court concludes that its prior order should be treated as an ex parte order since the procedure employed by the debtors did not comply with the rules governing motion practice. *See* Fed.R.Civ.P. 6(d), (e).

2. Bankruptcy Rule 924 provides as follows:
   Rule 60 of the Federal Rules of Civil Procedure applies in bankruptcy cases, except that a motion to reopen a case or for the reconsideration of an order allowing or disallowing a claim against the estate entered without a contest is not subject to the one-year limitation therein prescribed. This rule does not permit extension of the time allowed by § 15 of the Act for the filing of a complaint to revoke a discharge.

Rule 924, which indicates that the rule is not intended to

> preserve the features of the practice pertaining to so-called 'administrative orders,' which have been regarded as subject at any time to reconsideration by the referee or to review by the district court without regard to the limitations of § 39c of the Act. *See e. g., Flaxman, Coleman, Gorman & Rosoff v. Cheek*, 355 F.2d 672, 674 (9th Cir.), *cert. denied*, 384 U.S. 954, 86 S.Ct. 1574, 16 L.Ed.2d 549 (1966); *Fazakerly v. E. Kahn's Sons Co.*, 75 F.2d 110 (5th Cir. 1935); 2 Collier, ¶ 39.18 (1968).

Orders entered in the absence of adversary parties, informally and without notice and a hearing usually are characterized as "administrative orders." *See generally* 13 COLLIER ON BANKRUPTCY ¶ 924.05 (14th ed. 1977). This Court's prior order clearly falls within this definition.

■ It is clear that the objecting creditors cannot prevail under Federal Rule 60(b). Rule 60(b) provides (in pertinent part):

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

The only ground for relief set forth by the objecting creditors is an error of law by the Court. Paragraph one is not a proper basis for reconsideration on this ground: Professor Moore's view that paragraph one might be used as a vehicle for the correction of a judicial error of law, *see* 7 MOORE, FEDERAL PRACTICE ¶ 60.27[2] at 358–59 (2d ed. 1979), has been rejected in this circuit. *In re Texlon Corp.*, 596 F.2d 1092, 1100 (2d Cir. 1979). It is apparent that paragraphs two, three and five do not by their terms apply in this case. Similarly, the order is not "void" within the meaning of paragraph four. *Id.* at 1099. Paragraph six of the rule, which indicates that reconsideration may be granted for any other reason justifying relief, also is of no avail to the objecting creditors because a motion under the sixth paragraph must be based on some reason other than those stated in paragraphs one through five. *Klapprott v. United States*, 335 U.S. 601, 614–15, 69 S.Ct. 384, 390, 93 L.Ed. 266 (1949); *United States v. Karahalias*, 205 F.2d 331, 334–35 (2d Cir. 1953). *See In re Texlon Corp.*, 596 F.2d 1092 (2d Cir. 1979). *See generally* 7 J. MOORE, FEDERAL PRACTICE ¶ 60.27[1] (2d ed. 1978). The objecting creditors' ground, however, is stated in paragraph one.

■ Notwithstanding this, the rule in this circuit remains the same as it was prior to the adoption of Rule 924, at least insofar as ex parte orders are concerned: Rule 60(b) does not limit the power of the Bankruptcy Judge to reconsider his own ex parte orders. *In re Texlon Corp.*, 596 F.2d 1092, 1100-01 (2d Cir. 1979). In *Texlon*, the Bankruptcy Judge signed an order ex parte which authorized the "cross-collateralization" of the debtor's pre-petition debt with post-petition inventory, equipment and accounts receivable. The secured party extended credit to the debtor in reliance upon the Bankruptcy Judge's order. The debtor subsequently was adjudicated a bankrupt. A trustee was appointed, and he immediately moved the Bankruptcy Judge to reconsider the financing order on the ground that it gave the secured party a "post-adjudication preference." The Bankruptcy Judge refus-

ed to reconsider the order, reasoning that the secured party would be prejudiced by reconsideration to the extent that it had extended credit to the debtor in reliance upon the order.

The Court of Appeals for the Second Circuit disagreed with the Bankruptcy Judge. After determining that Rule 60(b) would not permit reconsideration of the Bankruptcy Judge's ex parte financing order, the second circuit panel held that Bankruptcy Rule 924 was not intended to diminish the force of the Supreme Court's well known decisions in *Pfister v. Northern Illinois Finance Corporation*, 317 U.S. 144, 63 S.Ct. 133, 87 L.Ed. 146 (1942), and *Wayne United Gas Company v. Owens-Illinois Glass Company*, 300 U.S. 131, 57 S.Ct. 382, 81 L.Ed. 557 (1937). The Court, in each of these decisions, held that reconsideration was permissible even though a petition for review was untimely under section 39(c) of the Bankruptcy Act, 11 U.S.C. § 67(c), if no rights had intervened or vested in reliance upon the orders on which review was sought. The panel found added support in *Matter of Technical Marine Maintenance Company*, 169 F.2d 548 (3d Cir. 1948) and *Wharton v. Farmers & Merchants Bank*, 119 F.2d 487 (8th Cir. 1941), both of which involved the "out of time" review of ex parte orders. The panel concluded that the extension of credit, without more, would not bar reconsideration: the secured party had not suffered any actual loss from reliance on the financing order because the collateral was sufficient to reimburse the creditor for advances made during the pendency of the chapter proceedings. The court indicated that prejudice is a bar to reconsideration only if it can be said that rights have vested in reliance upon the prior action of the court, or if intervening rights would be prejudiced by reconsideration. *Id.* at 1101.

**III.**

■ In the instant case, the objecting creditors contend that their rights as holders of a pre-August, 1977 debt have been prejudiced because an adversary proceeding has been commenced to void their lien to the extent that it impairs the debtors' homestead exemptions. *See* 11 U.S.C. § 522(f)(1). They reason that Frank Shaffer would be entitled only to a $2,000.00 exemption under New York law, rather than the $10,000.00 exemption originally claimed because an amendment which increased the amount of the state exemption[3] has been held to be inapplicable to debts contracted before the amendment's effective date. *E. g., Perry v. Zarcone*, App.Div., 431 N.Y.S.2d 50 (2d Dep't 1980).

A straightforward answer to this argument is that the objecting creditors are in a better position now than they were before the amendment. This is because property claimed by a debtor as exempt is exempt unless a party in interest objects. 11 U.S.C. § 522(*l*). The docket in this case shows that no such objection was upheld prior to the amendment. Accordingly, the $10,-000.00 New York homestead exemption claimed by Frank Shaffer arguably was valid at the time of this Court's prior order. Since the prior order reduced the debtor's exemption to $7,900.00, the objecting creditors now are better off to the extent of $2,100.00.[4]

Moreover, any prejudice which might result in the event that the debtors prevail in their adversary proceeding is purely hypothetical at this point in time. For example, it is alleged in the objecting creditors' answer to the debtors' complaint that the value of the homestead "is far greater than the claimed sum . . . and therefore the val-

---

**3.** Act of May 24, 1977, 1977 N.Y.Laws ch. 181, § 1. Section 2 of this Act provides: "This Act shall take effect ninety days after it shall have become a law, but shall not affect the application of property to the satisfaction of a money judgment for a debt contracted before it takes effect against debts contracted before the amendment's effective date."

**4.** The Court prefers not to rest solely upon this ground since the objecting creditors have raised an objection to the $10,000.00 exemption in an "affirmative defense" in their answer to the debtors' complaint. This could be viewed as an objection within the meaning of Code section 522(*l*).

id lien which forms the basis of this litigation does not impair the exemption claimed by the Plaintiffs; and therefore, may not be avoided pursuant to 11 U.S.C. section 522(f)(1) . . .". If this is true, the objecting creditors will not be prejudiced in any way by the amendment.

■ Assuming without deciding that Frank Shaffer's federal homestead exemption would take precedence over the creditors' claim through the avoiding power of 11 U.S.C. section 522(f)(1), such prejudice is not the kind of prejudice as would prevent reconsideration of a prior order. Prejudice is relevant to the issue at bar only insofar as it would result from the Court's inability to reestablish the rights of the party *opposing* reconsideration as they stood when the original judgment was rendered. *In re Texlon Corp.*, 596 F.2d at 1101. *See also In re Technical Marine Maintenance Co.*, 169 F.2d 548 (3rd Cir. 1948); *Wharton v. Farmers & Merchants Bank*, 119 F.2d 487 (8th Cir. 1941).

### IV.

■ Turning to the merits, the Court concludes that its prior order was not erroneous. Bankruptcy Rule 13–109 provides that "[a] petition or chapter XIII statement may be amended as a matter of course at any time before the case is closed." This rule applies in cases commenced under the Bankruptcy Code. *See* Act of Nov. 6, 1978, Pub.L. 95–598, § 405(d) (1978). The objecting creditors argue that the debtors were not free to amend their petition, notwithstanding the plain language of Rule 13–109, because a limitation on this right should be implied from Bankruptcy Rule 403.

Prior to the effective date of the Bankruptcy Code, Rule 403 obligated the trustee to examine the exemptions claimed in the bankrupt's schedules, and to file a report within 15 days of qualifying as trustee specifying the exemptions claimed by the bankrupt which in the trustee's judgment were or were not allowable. Creditors and the bankrupt were given 15 days from the filing of this report to file an objection to the trustee's report and, unless an objection or

an extension of time for objections was filed within those 15 days, the report was deemed accepted. Fed.R.Bankr.P. 403(c). *See generally* 12 COLLIER ON BANKRUPTCY ¶¶ 403.03–.05 (14th ed. 1978). Rule 403 did not by its terms limit the time within which a bankrupt could amend his or her schedules to claim an exemption. Such amendments could be made at any time before a case was closed, see Fed.R.Bankr.P. 110, 13–109, provided that the non-moving party was not prejudiced and the intervening rights of third parties were not affected. *In re Santoro*, Bkrtcy., 3 B.R. 210, *aff'd*, No. CV 80–1254 (E.D.N.Y. Sept. 15, 1980). Considerations similar to those outlined above are relevant in determining whether there would be prejudice to the rights of non-moving parties or third persons. *Knox v. Lines*, 463 F.2d 561, 565–66 (9th Cir. 1972). *See In re Gershenbaum*, 598 F.2d 779 (3d Cir. 1979); *In re Santoro*, Bkrtcy., 3 B.R. 210, *aff'd*, No. CV 80–1254 (E.D.N.Y. Sept. 15, 1980); 1A COLLIER ON BANKRUPTCY ¶ 6.19 (14th ed. 1972). These limitations on the right to amend a claim of exempt property, however, have been implied not from Bankruptcy Rule 403 but from the generally applicable principles governing amendments and the reconsideration of judgments and orders. These principles have been fully discussed in the first part of this decision.

Thus, in *Matter of Santoro, supra*, the court denied the bankrupt's "out of time" motion objecting to the trustee's report on exempt property. The motion, which was grounded on the trustee's failure to allow the bankrupt's homestead exemption, was made after the trustee's report was deemed to have been accepted, *see* Fed.R.Bankr.P. 403(c), and after the trustee had sold the estate's right, title and interest to a third party in reliance upon the order approving the trustee's report. The amendment proposed by the bankrupt was improper because the rights of the third party had vested, and because there would have been prejudice to the rights of the trustee. In contrast, the bankruptcy court erred by denying as untimely a similar motion by the

bankrupt in *Knox v. Lines, supra*, since no rights had vested or intervened in reliance on the trustee's report.[5] The appellate court suggested that the period of uncertainty resulting from the bankrupt's delay in asserting his objection was harmless under the facts of the case.

■ The bankruptcy courts appear to be divided on the question of whether Bankruptcy Rule 403 applies in cases commenced under the Bankruptcy Code.[6] The better view, in this Court's opinion, is that Rule 403 does not apply because it is inconsistent with the statutory scheme of Code section 522. *In re Maxwell*, 5 B.R. 58, 6 B.C.D. 1121 (Bkrtcy.N.D.Ga.1980). *See* Act of Nov. 6, 1978, Pub.L. 95–598, § 405(d). The trustee is no longer required to file a report on exempt property within fifteen days after he qualifies. As a party in interest, he may of course file an objection to an exemption claimed by a debtor, *see* 11 U.S.C. § 522(*l*), but the Code does not take away this right after fifteen days. In any event, the question is academic since Rule 403 did not bar seasonable amendments in cases commenced under the Bankruptcy Act if no intervening rights were affected.

As noted above, no prejudice has been shown to the rights of the objecting creditors or third parties.

Accordingly, the Court concludes that its prior order was proper and should not be modified.

5. On remand, the bankruptcy court was instructed to determine whether the bankrupt had a satisfactory excuse under Federal Rule 60(b) for the lateness of his objection to the trustee's report. 463 F.2d at 566. However, the court of appeals elsewhere indicated its belief that the bankrupt's delay was inconsequential when weighed against the "well established policy of the Bankruptcy Act to favor property exemptions . . .". *Id.* In the case at bar, the debtors clearly have a valid excuse for their delay in that post-petition decisions of the New York courts have held that the state's increased homestead exemption is ineffective against debts contracted before the exemption statute's effective date. *See, e. g., Perry v. Zarcone*, App.Div., 431 N.Y.S.2d 50 (2d Dep't 1980); note 3 and accompanying text, *supra*.

6. *Compare In re Duggan*, 4 B.R. 709, 6 B.C.D. 666 (Bkrtcy.N.D.Tex.1980) (Rule 403 applies) *and In re Cobb*, 3 B.R. 150, 6 B.C.D. 9 (Bkrtcy. N.D.Cal.1980) (debtor's claim of exemptions becomes final fifteen days after close of section 341 meeting) *with In re Maxwell*, 6 B.C.D. 1121 (Bkrtcy.N.D.Ga.1980) (debtor has right to amend claim of exemptions at any time prior to close of case subject to objection by party adversely affected). The *Maxwell* court suggests that a bankruptcy court has the power to adopt a local rule similar to Bankruptcy Rule 403 for the purpose of limiting the debtor's right to amend a claim of exemptions. *Id.* at 1122. No such rule has been adopted in this district.