46 F.3d 1143
 1995-1 Trade Cases P 70,877
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David PARSONS, M.D.; Lois Parsons, Plaintiffs - Appellants,
v.
R.E. SANCHEZ, M.D.; Charles Umansky, M.D.; Chula Vista
Health Systems, Inc.; Hunter, McCray, Richey &
Brewer; Republic Health Corporation; and
Denise Rubino, Defendants - Appellees.
 No. 93-55656.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted: Oct. 6, 1994.
Decided: Jan. 19, 1995.
As Amended June 1, 1995.
 
 1
 Before: D.W. NELSON, NORRIS, and BOGGS,* Circuit Judges.
 
 
 2
 MEMORANDUM**
 
 
 3
 Dr. David Parsons appeals the district court's entry of summary judgment in his Sherman Act action against Drs. R.E. Sanchez, Charles Umansky, Denise Rubino, and two corporations (collectively, the "Doctors"). The district court converted a motion to dismiss under Fed. R. Civ. P. 12(b)(6), filed by the Doctors' co-defendants, the law firm of Hunter, McCray, Richey & Brewer ("Lawyers"),[1] into a motion for summary judgment because both sides had submitted additional documentary evidence on the issue. Finding that the Doctors were immune from damages liability for federal antitrust violations because of the protection of the Health Care Quality Improvement Act of 1986 ("HCQIA"), 42 U.S.C. Sec. 11101 et seq., the court granted summary judgment on the antitrust claim and declined to exercise supplemental jurisdiction over the state law claims, which were on appeal in the California courts. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 I.
 
 4
 Parsons argues that the district court improperly converted the Doctors' motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) into a motion for summary judgment. We do not address the issue of whether a Rule 12(b)(1) motion may be treated as a motion for summary judgment because the record clearly indicates that the Doctors had joined the Rule 12(b)(6) motion filed by the Lawyers. [Doc. 10]
 
 
 5
 When the court considers "matters outside the pleading" on a Rule 12(b)(6) motion, that motion must be treated as a motion for summary judgment. See Fed. R. Civ. P. 12(b); Bonilla v. Oakland Scavenger Co., 697 F.2d 1297, 1301 (9th Cir. 1982), cert. denied, 467 U.S. 1251 (1984); Townsend v. Columbia Operations, 667 F.2d 844, 849 (9th Cir. 1982). Failure to treat the motion as one for summary judgment would constitute reversible error. See Bonilla, 697 F.2d at 1301; Costen v. Pauline's Sportswear, Inc., 391 F.2d 81, 84-85 (9th Cir. 1968). We review de novo the decision to treat the motion to dismiss as a motion for summary judgment. Ritza v. International Longshoremen's and Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988).
 
 
 6
 All parties in this case submitted documentary exhibits in conjunction with their motions to dismiss and oppositions to the motions. In the instance of the 12(b)(6) motion, the Lawyers submitted two exhibits, one of which was the Judicial Review Committee's decision and appeal procedures; and Parsons submitted exhibits in opposition to the 12(b)(6) motion relating to the Medical Executive Committee's meetings. Such documentary exhibits are sufficient to trigger the requirement that the motion be converted into one for summary judgment. See Townsend, 667 F.2d at 849; Smith v. United States, 362 F.2d 366, 367-68 (9th Cir. 1966).
 
 
 7
 Not only did the Lawyers specifically request that the court take notice of these documents, but the district court specifically noted their submission, and the consequent conversion to summary judgment, in its decision. Because the court never excluded the submitted materials from consideration, we hold that the conversion of the 12(b)(6) motion to summary judgment was proper. See Fed. R. Civ. P. 12(b); Smith, 362 F.2d at 368.
 
 II.
 
 8
 Parsons further argues that even if the motion to dismiss could be treated as one for summary judgment, he did not have a reasonable opportunity to oppose the summary judgment motion. First, Parsons asserts that he received no notice of the conversion. The Ninth Circuit rule, however, is that a party that has been notified that the court is considering material beyond the pleadings has received effective notice of the conversion to summary judgment. See Grove v. Mead Sch. Dist. No. 354, 753 F.2d 1528, 1533 (9th Cir.), cert. denied, 474 U.S. 826 (1985); Townsend, 667 F.2d at 849. Moreover, the fact that the court had before it exhibits outside the pleadings can constitute constructive notice. See Grove, 753 F.2d at 1533 (holding that notice is given "when a party has reason to know that the court will consider matters outside the pleadings").
 
 
 9
 Parsons concedes that the Lawyers submitted with the 12(b)(6) motion documents relating to the Judicial Review Committee decision, and that the Lawyers had requested that the court take judicial notice of this decision. Because the Doctors were a party to the 12(b)(6) motion, and these documents were relevant to their immunity defense, such submissions provided notice that the motion had been converted to one for summary judgment. Moreover, the Medical Executive Committee records submitted by Parsons were relevant to the 12(b)(6) motion and the immunity defense. In this Circuit, "[a] represented party who submits matters outside the pleadings to the judge and invites consideration of them has notice that the judge may use them to decide a motion originally noted as a motion to dismiss, requiring its transformation to a motion for summary judgment." Grove, 753 F.2d at 1533.
 
 
 10
 In fact, the record indicates that Parsons had actual notice of the conversion to a motion for summary judgment. At the hearing, Parsons' counsel specifically addressed the "summary judgment" issue, arguing that in the case of the immunity defense, "Rule 56 imposes the initial and ultimate burden on the moving party to show the absence of a genuine dispute of material fact." We therefore find that Parsons had sufficient notice of the conversion.
 
 
 11
 Second, Parsons charges that he did not receive a "reasonable opportunity to present all material made pertinent" to the summary judgment motion as required by Rule 12(b). We reject this argument in light of this court's holding in Townsend v. Columbia Operations, 667 F.2d 844 (9th Cir. 1982). Like Parsons, the Townsend appellants' only notice that a 12(b)(6) motion had been' converted to summary judgment was their knowledge that additional documents were being considered. Id. at 849. Yet the court found "reasonable opportunity" to submit opposing documents because the appellants never requested time to submit additional documents, either during or after oral argument, and never objected to the procedure. See id. at 849-50. In the present case, although Parsons informally objected at the hearing to consideration of the immunity issue, the record indicates that he had an opportunity to address that issue at oral argument and, in fact, made an argument that summary judgment should not be entered because the burden to show fairness of procedures was on the Doctors.
 
 
 12
 Furthermore, Parsons gave no indication that he had any additional materials to submit. If additional factual evidence needed to support an opposition to summary judgment is unavailable at the time of the motion, the nonmoving party must seek a continuance under Fed. R. Civ. P. 56(f) by submitting affidavits to show why the necessary facts are currently unavailable, or the court is free to enter summary judgment. Carpenter v. Universal Star Shipping, S.A., 924 F.2d 1539, 1547 (9th Cir. 1991), cert. denied, 113 S. Ct. 413 (1992). Yet at the hearing, rather than request time for discovery or for filing affidavits on the immunity issue, Parsons' counsel directed the court to the complaint as evidence of unfairness by the Medical Executive Committee. Even after the hearing, Parsons made no request to submit documents or to reargue the motion. Because Parsons had adequate notice of the summary judgment motion, argued the motion at the hearing, and did not indicate at the time that he required more time to prepare his opposition to the motion, we hold that the district court gave Parsons a reasonable opportunity to respond to the motion before entering summary judgment.
 
 III.
 
 13
 Parsons argues that the district court's grant of summary judgment based on the immunity defense was improper for several reasons. First, Parsons asserts that the Doctors waived the defense by failing to raise it prior to their reply to Parsons' opposition to their 12(b)(1) motion. Second, he contends that he had insufficient opportunity to respond to the immunity issue. Finally, he argues that he had raised a genuine issue of material fact on the immunity defense. We review de novo both the issue of waiver of the immunity defense, Sheet Metal Workers Int'l Ass'n, Local Union 150 v. Air Systems Eng'g, Inc., 831 F.2d 1509, 1510 (9th Cir. 1987), and the grant of summary judgment, Jesinger v. Nevada Federal Credit Union, 24 F.3d 1127, 1130 (9th Cir. 1994). We reject Parsons' arguments.
 
 A.
 
 14
 Parsons' contention that the Doctors' waived the immunity defense fails because it rests on the erroneous assertion that the Doctors first raised the issue in their reply to the opposition to the motion. As noted previously, however, the Doctors had joined the Lawyers' original 12(b)(6) motion, and that motion specifically asserted the immunity argument. Although Parsons is correct that the argument in the 12(b)(6) motion was made in the context of the Lawyers' defense to a conspiracy charge, that section also argues specifically that the Doctors were immune.[2] Thus, the defense was first raised in the original 12(b)(6) motion.
 
 
 15
 This initial assertion of the defense was timely. Although affirmative defenses are waived if they are not raised in the first responsive pleading, see 999 v. C.I.T. Corp., 776 F.2d 866, 870 n.2 (9th Cir. 1985), the Doctors' only filing prior to the 12(b)(6) motion was their 12(b)(1) motion, which does not constitute a responsive pleading. See Schreiber Distributing Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986) (in the context of Rule 15 amendments to pleadings); Nolen v. Fitzharris, 450 F.2d 958, 958 (9th Cir. 1971). We therefore reject Parsons' waiver argument.
 
 B.
 
 16
 Parsons' claim that he lacked adequate opportunity to respond to the immunity defense fails for the same reason that his waiver argument fails: he erroneously assumes that the defense was raised first in the Doctors' reply to Parsons' opposition to the 12(b)(6) motion. As we have found that Parsons had adequate opportunity to respond to the converted motion for summary judgment, we necessarily find that he had sufficient opportunity to respond to a defense first raised in that same motion.
 
 C.
 
 17
 Parsons also asserts that the district court improperly applied the Doctors' HCQIA immunity defense to grant summary judgment on the Sherman Act claim. In this context, we affirm summary judgment unless a reasonable jury, viewing the facts in the best light for the plaintiff, could conclude that the plaintiff has shown that the defendants' actions are outside the scope of Sec. 11112(a). Smith v. Ricks, 31 F.3d 1478, 1485 (9th Cir. 1994); Austin v. McNamara, 979 F.2d 728, 734 (9th Cir. 1992). We find that Parsons has failed to raise a genuine issue of material fact.
 
 
 18
 As a threshold argument, Parsons contends that the immunity defense raises issues of subjective intent that cannot be resolved at the summary judgment stage. We reject this argument, because the propriety of professional review actions only concerns issues of objective reasonableness. Austin, 979 F.2d at 734. Indeed, the legislative history of HCQIA reveals that Congress rejected a subjective standard in favor of an "objective 'reasonable belief' standard," H.R. Rep. No. 903, 99th Cong., 2d Sess. 10 (1986), reprinted in 1986 U.S.C.C.A.N. 6287, 6392-93, and that Congress intended for the court to address the immunity issue well before trial. See id. at 12 ("The Committee intends that these provisions allow defendants to file motions to resolve the issue of immunity in as expeditious a manner as possible."). Because "bad faith is immaterial" to the immunity issue, this court has found summary judgment proper on the basis of a HCQIA immunity defense. Austin, 979 F.2d at 734-35; accord Smith, 31 F.3d at 1486.
 
 
 19
 On the merits, we find that summary judgment was appropriate because Parsons failed to present sufficient evidence to defeat the Doctors' defense of HCQIA immunity. Under HCQIA, a professional review body, its members, its staff, and others under contract with or providing assistance to such a body are immune from damages liability with respect to the body's actions. See 42 U.S.C. Sec. 11111(a)(1). In order for this immunity to apply, the professional review action must satisfy certain standards of fairness and reasonableness. See 42 U.S.C. Sec. 11112(a). Significantly, the statute provides that "[a] professional review action shall be presumed to have met the ... standards necessary ... unless the presumption is rebutted by a preponderance of the evidence." Id.
 
 
 20
 Because of this presumption, Parsons was required to show by a preponderance of the evidence that the immunity should not apply. We find that the proffered evidence was insufficient to rebut the presumption of immunity. Although Parsons offered his complaint as evidence of lack of immunity, it is largely based on assertions that he "is informed and believes" that the Doctors were engaged in a plot to exclude him. However, "mere allegations" or suspicions are not sufficient to create a genuine issue of material fact. Lujan v. Defenders of Wildlife, 112 S. Ct. 2130, 2137 (1992); Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec, 854 F.2d 1538, 1544 (9th Cir. 1988).
 
 
 21
 In addition to the complaint, Parsons submitted various exhibits: minutes from meetings of the Medical Executive Committee, a letter from the Committee summarizing the grounds for suspension, a second letter by which the Committee informed Parsons of amended charges and agreed to reschedule the hearing based on his request, and a letter from Parsons to the Committee denying wrongdoing. This evidence, however, fails to rebut the presumption of immunity. Although the letter by Parsons includes the allegation that the Medical Executive Committee was improperly convened, there is no factual basis in the documents to support this assertion. Moreover, the minutes from the Committee's meetings contradict Parsons' claim that the Committee did not observe required formalities.
 
 
 22
 With the exception of these arguments, Dr. Parsons rests on allegations of bias, competitive rivalry, and a conspiracy to force him out. However, because we are concerned only with whether the Medical Executive Committee's actions were objectively reasonable, arguments based on biases and personality conflicts are irrelevant to rebuttal of the presumption of immunity. See Austin, 979 F.2d at 734 (rejecting assertions of hostility and contempt by other doctors as issues of "bad faith" which are "immaterial"). Whereas "[t]he real issue is the sufficiency of the basis for the [Committee's] actions," id., Parsons has failed to provide evidence that the committee's actions were objectively unreasonable. Accordingly, we affirm the grant of summary judgment based on the HCQIA immunity defense.
 
 IV.
 
 23
 We also reject Parsons' argument that he should have been granted leave to amend the complaint. Failure to grant leave to amend is reviewed under an abuse of discretion standard. Roth v. Garcia Marquez, 942 F.2d 617, 628 (9th Cir. 1991).
 
 
 24
 Parsons argues that the motion to dismiss should not be considered a responsive pleading, so that leave to amend should be freely granted under Rule 15. Before Parsons sought to amend, however, the 12(b)(6) motion was properly converted into a motion for summary judgment and granted. Once summary judgment has been entered, courts are reluctant to allow amendments to pleadings. Nguyen v. United States, 792 F.2d 1500, 1503 (9th Cir. 1986).
 
 
 25
 Furthermore, denial of leave to amend is generally proper if amendment would be futile. Roth, 942 F.2d 617, 628 (9th Cir. 1991). Immunity bars any antitrust claim arising from the peer review process. In addition, incidents outside of the peer review process provide no basis upon which Parsons would be able to state a viable antitrust claim. We therefore affirm the district court's denial of leave to amend.
 
 V.
 
 26
 Likewise, we affirm the district court's dismissal of the supplemental state claims. Because the district court had dismissed all claims over which it had original jurisdiction, it had discretion to decline to exercise supplemental jurisdiction over the remaining state claims. 28 U.S.C. Sec. 1367(c). The district court's decision to do so is reviewable only for "a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." Imagineering, Inc. v. Kiewit Pacific Co., 976 F.2d 1303, 1309 (9th Cir. 1992), cert. denied, 113 S. Ct. 1644 (1993). Among the factors to consider are "economy, convenience, fairness, and comity." Id. at 1309. Because the remaining state claims closely mirror the claims in the pending state court case, dismissal furthered judicial economy and was proper.
 
 CONCLUSION
 
 27
 For the foregoing reasons, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Danny J. Boggs, United States Circuit Judge for the Sixth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Since the filing of the Parsons' appeal, the appeal from the judgment in favor of the Lawyers has been dismissed in exchange for a waiver by the Lawyers of payment of the sanctions awarded by the court against plaintiff and plaintiff's Counsel for a frivolous filing. Therefore, this appeal is concerned only with the judgment in favor of the Doctor defendants
 
 
 [2]
 "As plaintiff has failed to state any facts alleging or showing that the Center did not comply with the requirements of 42 U.S.C. Sections 11112 et. seq., the Center's peer review process clearly is immune from Federal antitrust liability." [ER: 200 (Lawyers' Memorandum of Points & Authorities in Support of Motion to Dismiss)]